In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-1759

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

MICHAEL HENDERSON,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin
No. 01 CR 197—**Rudolph T. Randa**, *Chief Judge.*

ARGUED DECEMBER 4, 2003—DECIDED JULY 22, 2004

Before BAUER, EASTERBROOK, and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* In 1999, Michael Henderson, then 19 years old, and his co-defendant, stole approximately $13,000 from Firstar Bank, where he worked. He was charged in a two-count indictment—the first count charged him with a violation of 18 U.S.C. §§ 656 and 2, and the second count he was charged with bank larceny, a violation of 18 U.S.C. §§ 2113(b) and 2. Henderson pleaded guilty to the second count of bank larceny and received probation. One day prior to Henderson's sentencing hearing, he filed a motion seeking to enjoin the United States Probation

Office from obtaining a DNA sample as a condition of probation or supervised release pursuant to the DNA Analysis Backlog Elimination Act of 2000 (hereinafter the "DNA Act"). Henderson argued that the collection of his DNA through a blood draw was an "unreasonable search in violation of the Fourth Amendment to the United States Constitution" and in the alternative, the manner of testing is "unreasonable and unjustifiably intrusive." In that motion, Henderson did not challenge the inclusion of bank larceny under Title 18 U.S.C. § 2113(b), as a qualifying offense pursuant to Title 42 U.S.C. § 14135(d)(1)(E). At the time of sentencing, the district court ordered further briefing of Henderson's motion regarding the DNA collection. In his reply brief, Henderson withdrew his agreement that bank larceny was a qualifying offense under the DNA Act and the government did not have an opportunity to address that particular issue. On February 18, 2003, the district court entered an order finding that bank larceny is not a qualifying offense under the DNA Act and enjoined the United States Probation Office from taking Henderson's DNA sample. The government now appeals this order. We reverse the district court's order.

*Discussion*

The question is whether bank larceny as set forth in Title 18, United States Code, Section 2113(b) is a qualifying offense requiring collection of Henderson's DNA under the DNA Act. We employ a de novo standard when reviewing questions of statutory construction and interpretation. *Masters v. Heston Corp.*, 291 F.3d 985, 989 (7th Cir. 2002).

In reviewing the district court's interpretation, we first look to the actual language of the statute. If we find "the terms of the statute unambiguous, judicial inquiry is complete." *In re Sinclair*, 870 F.2d 1340, 1341 (7th Cir. 1989) (citing *Rubin v. United States*, 449 U.S. 424, 430 (1981)).

This case involves the interpretation of a few statutes. The first, the DNA Act requires probation officers to collect DNA samples from individuals, convicted of certain qualifying offenses, who are on probation, parole, or supervised release. (42 U.S.C. § 14135a, (2000)) Qualifying offenses are defined in § 14135a(d) as follows:

(1) The offenses that shall be treated for the purpose of this section as qualifying Federal offenses are the following offenses under Title 18, United States Code, as determined by the Attorney General:

(A) Murder (as described in section 1111 of such title), voluntary manslaughter (as described in section 1112 of such title), or other offense relating to homicide (as described in chapter 51 of such title, sections 1113, 1114, 1116, 1118, 1119, 1120, and 1121).

(B) An offense relating to sexual abuse (as described in chapter 109A of such title, sections 2241 through 2245), to sexual exploitation or other abuse of children (as described in chapter 110 of such title), sections 2251 through 2252, or to transportation for illegal sexual activity (as described in chapter 117 of such title, sections 2421, 2422, 2423, and 2425).

(C) An offense relating to peonage and slavery (as described in chapter 77 of such title).

(D) Kidnapping (as defined in section 3559(c)(2)(E) of such title).

(E) An offense involving robbery or burglary (as described in chapter 103 of such title, sections 2111 through 2114, 2116, and 2118 through 2119).

(F) Any violation of section 1153 involving murder, manslaughter, kidnapping, maiming, a felony offense relating to sexual abuse (as described in chapter 109A), incest, arson, burglary, or robbery.

(G) Any attempt or conspiracy to commit any of the above offenses.

(2) In addition to the offenses described in paragraph (1), the following offenses shall be treated for purposes of this section as qualifying Federal offenses, as determined by the Attorney General:

(A) Any offense listed in section 2332(g)(5)(B) of Title 18.

(B) Any crime of violence (as defined in section 16 of Title 18).

(C) Any attempt or conspiracy to commit any of the above offenses.

Section 14135a(d)(1)(E), the section applicable to Henderson, states that qualifying offenses are those offenses involving robbery or burglary (as described in Chapter 103 of such title, sections 2111 through 2114 . . . ). 18 U.S.C. § 2113 (a) and (b) read as follows:

§2113. Bank robbery and incidental crimes

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building , or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association, with intent to commit in such bank, credit union, or such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or such savings and loan association, shall be fined under this title or imprisoned not more than twenty years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year or both.

The district court determined that bank larceny was not a qualifying offense based on a reading of the statutory language. It reasoned that robbery and burglary are unlike larceny and therefore the language in § 14135a(d)(1)(E) which states "An offense involving robbery or burglary . . ." is limited to an offense with the element of force. (Br. of Plaintiff-Appellant at App. 4).

Henderson argues that only robbery and burglary offenses "as described in chapter 103 of [Title 18], sections 2111 through 2114, 2116, and 2118 through 2119" are qualifying offenses. According to Henderson, Congress used the language "as described in" because chapter 103 includes offenses other than robbery and burglary. He points to § 2113, itself, which is entitled "robbery and incidental crimes."

On the other hand, the United States argues that Congress used the descriptive title of chapter 103, Robbery and Burglary, as a global phrase designed to generally cover the entire chapter, thereby covering a broad range of conduct under several statutes. The government urges the point

that under chapter 103, the common thread in the covered offenses involves the unlawful attempt to obtain property that belongs to another. Therefore, by the plain terms of the statute, it is argued that larceny is a qualifying offense.

After considering both arguments, we have determined that both readings of Congress' words are reasonable and that therefore the language is ambiguous. In our reading, it is unclear whether Congress intended for bank larceny to be a qualifying offense for purposes of the DNA Act. In which case, the interpretation of the Attorney General as set forth in 28 C.F.R. § 28.2(a) is given deference under *Chevron U.S.A., Inc. v. National Resource Defense Council, Inc.*, 467 U.S. 837, 843 (1984).

In *Chevron*, the Court held that where Congress has directly addressed a precise issue, any administrative action contrary to that intent is not valid. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43.

To the extent that the statutory language describing "qualifying Federal offenses" is ambiguous, *Chevron* mandates that "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron*, 467 U.S. at 844. Rather, in determining whether an agency's statutory construction is a permissible one, a reviewing court should give the agency's view "controlling weight," unless the construction is "manifestly contrary to the statute." *Id.* at 843-44.

In addition, because Congress expressly delegated interpretive authority to the Attorney General, and the Attorney General's interpretation has been expressed through the Administrative Procedure Act rule-making process, the Attorney General's construction of the statute is entitled to

substantial deference and must be sustained if reasonable. *Id*; see also *United States v. Mead Corp.*, 533 U.S. 218 (2001).

The Attorney General at 28 C.F.R. § 28.2 states that "any offense under section . . . 2113 of Title 18" constitutes a "qualifying offense." Given that larceny falls under one of the enumerated code sections, Title 18 U.S.C. § 2113, Section 28.2 of the regulations does not contradict, but rather is consistent with, the legislative intent of Congress in the DNA Act.

Also, the Attorney General's construction is reasonable because it comports with the legislative history. The House Report explained that the Attorney General was given authority to elucidate the list of covered offenses because some of the descriptive language used by Congress to refer to covered offenses included "terms [that] are not used in the United States Code to define an offense." H.R. Rep. No. 900, Pt. I, 106th Cong. 19 (2000).

The Attorney General's regulation is not manifestly contrary to the statute and deserves controlling weight. Therefore, we reverse the district court's order enjoining the United States Probation Office from collecting Henderson's DNA.

REVERSED.


A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*