

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2005

# USA v. Cooper

Precedential or Non-Precedential: Precedential

Docket No. 04-1334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Cooper" (2005). *2005 Decisions.* Paper 1528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1334
_____

UNITED STATES OF AMERICA

v.

SARUN COOPER,

Appellant

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. No.: 03-cr-00226
District Judge: Honorable Christopher C. Conner

_____

Argued: December 14, 2004

Before: NYGAARD, ROSENN, and BECKER, Circuit
Judges

(Filed January 26, 2005 )

Ronald A. Krauss (Argued)
Lori J. Ulrich
Office of Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
        *Counsel for Appellant*

Theodore B. Smith, III (Argued)
Office of United States Attorney
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

In this appeal involving police enforcement of crime control, we are called upon to decide whether the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135a (2000) (the "DNA Act") requires a defendant convicted of possession of stolen bank funds in violation of

18 U.S.C. § 2113(c)[1] to submit a sample of her DNA to her probation officer.  The DNA Act, as enacted, required offenders of certain enumerated crimes to submit a DNA sample to the United States Probation Office for analysis and indexing in a DNA database.[2]

Cooper, a branch teller at M&T Bank in York, Pennsylvania, purloined nearly $53,000 from the credit lines of bank customers or from fictitious lines of credit that she created for customers.  On September 18, 2003, Cooper pled guilty to possession of stolen bank funds in violation of 18 U.S.C. § 2113(c).  As a condition of her probation, Cooper was required to submit a sample of her DNA.  Cooper objected on the ground that the plain language of the DNA Act did not, in fact, cover possession of stolen bank funds.

----

[1]18 U.S.C. § 2113(c) states in relevant part that "[w]hoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association . . . knowing the same to be property which has been stolen shall be subject to . . . punishment . . . ."

[2]Congress amended the DNA Act on October 30, 2004, to include all felonies as qualifying offenses under the Act.  See 42 U.S.C. § 14135a(d)(1) (2004), Pub. L. No. 108-405 § 203(b), 118 Stat. 2260 (amending 42 U.S.C. § 14135a (2000)). Cooper's crime having occurred prior to October 30, 2004, however, the amendment does not affect the disposition of this case.

The District Court overruled Cooper's objection and ordered her to submit a DNA sample in accordance with the DNA Act. Cooper timely appealed. Because we conclude that Congress did not intend the DNA Act to encompass a person convicted of possession of stolen bank funds, the order of the District Court will be reversed.

I.

The issue on appeal is whether possession of stolen bank funds as set forth in 18 U.S.C. § 2113(c) is a qualifying offense under the DNA Act requiring Cooper to submit a DNA sample. In construing the language of the DNA Act, our review is plenary. Tavarez v. Klingensmith, 372 F.3d 188, 189 n.2 (3d Cir. 2004) ("We exercise plenary review over issues of statutory interpretation.").

It is well settled that "[t]he first step in interpreting a statute is to determine 'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" Valansi v. Ashcroft, 278 F.3d 203, 209 (3d Cir. 2002) (quoting Marshak v. Treadwell, 240 F.3d 184, 192 (3d Cir. 2001) (internal citations omitted)). "Where the language of the statute is clear . . . the text of the statute is the end of the matter." Steele v. Blackman, 236 F.3d 130, 133 (3d Cir. 2001). However, if the language of the statute is unclear, we attempt to discern Congress' intent using the canons of statutory construction. Ki Se Lee v. Ashcroft, 368 F.3d 218, 222 (3d Cir. 2004) (citing INS v. Cardoza-Fonseca, 480 U.S. 421, 447-48 (1987)). If the tools of statutory construction reveal Congress' intent, that ends the inquiry. Id.

4

(citing <u>Valansi</u>, 278 F.3d at 208 (quoting <u>Bell v. Reno</u>, 218 F.3d 86, 90 (2d Cir. 2000))).  If, on the other hand, we are unable to discern Congress' intent using tools of statutory construction, we generally defer to the governmental agency's reasonable interpretation.  <u>Id.</u>; <u>see generally</u>, <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 842-43 (1984).  With these precepts in mind, we turn to the language of the DNA Act itself to ascertain whether its meaning is plain and unambiguous.

A.  <u>Plain Language of the DNA Act</u>

The DNA Act provides in relevant part that individuals on probation who have been convicted of a "qualifying Federal offense" must submit a sample of their DNA to the United States Probation Office.  42 U.S.C. § 14135a(1).  Qualifying offenses are defined in subsection (d) as follows:

> (1) The offenses that shall be treated for purposes of this section as qualifying Federal offenses are the following offenses under Title 18, as determined by the Attorney General:
>
> > (A) Murder (as described in section 1111 of such title), voluntary manslaughter (as described in section 1112 of such title), or other offense relating to homicide (as described in chapter 51 of such title, sections 1113, 1114, 1116, 1118, 1119, 1120,

5

and 1121).

(B) An offense relating to sexual abuse (as described in chapter 109A of such title, sections 2241 through 2245), to sexual exploitation or other abuse of children (as described in chapter 110 of such title, sections 2251 through 2252), or to transportation for illegal sexual activity (as described in chapter 117 of such title, sections 2421, 2422, 2423, and 2425).

(C) An offense relating to peonage and slavery (as described in chapter 77 of such title).

(D) Kidnapping (as defined in section 3559(c)(2)(E) of such title).

(E) An offense involving robbery or burglary (as described in chapter 103 of such title, sections 2111 through 2114, 2116, and 2118 through 2119).

(F) Any violation of section 1153 involving murder, manslaughter, kidnapping, maiming, a felony

offense relating to sexual abuse
(as described in chapter 109A),
incest, arson, burglary, or robbery.

(G) Any attempt or conspiracy to
commit any of the above offenses.

(2) In addition to the offenses described in
paragraph (1), the following offenses shall be
treated for purposes of this section as qualifying
Federal offenses, as determined by the Attorney
General:

(A) Any offense listed in section
2332b(g)(5)(B) of Title 18.

(B) Any crime of violence (as
defined in section 16 of Title 18).

(C) Any attempt or conspiracy to
commit any of the above offenses.

42 U.S.C. § 14135a(d). The section pertinent on this appeal,
§ 14135a(d)(1)(E) ("subsection (E)"), lists as qualifying
offenses those "involving robbery or burglary (as described in
chapter 103 of such title, sections 2111 through 2114, 2116,
and 2118 through 2119)."

The Government contends that because Cooper
violated 18 U.S.C. § 2113(c), her crime falls within the range
of statutory sections enumerated parenthetically in subsection

7

(E) and she must therefore submit a DNA sample. Conversely, Cooper contends that subsection (E) only encompasses those offenses in the enumerated sections <u>which involve robbery or burglary</u>. Because possession of stolen bank funds is legally distinguishable from both robbery and burglary,[3] Cooper urges that her crime does not "involve" robbery or burglary and therefore falls outside the statute, even though 18 U.S.C. § 2113(c) technically falls within the range of sections enumerated in subsection (E). The Government persuaded the District Court to adopt its interpretation of the statute.

In view of the foregoing, we look to canons of statutory construction to inform our judgment as to the statute's meaning. <u>See</u> <u>Ki Se Lee</u>, 368 F.3d at 222.

### B. <u>Canons of Statutory Construction</u>

It is a well known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phrase superfluous. <u>TRW Inc. v. Andrews</u>, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal quotation marks omitted).

---

[3]The crimes of robbery and burglary contain an element of force and/or violence, which possession of stolen bank funds does not.

Subsection (E) of the DNA Act contains the qualifying phrase "involving robbery or burglary." The inclusion of this phrase reflects Congress' intent to limit offenses included within the Act to those appertaining to robbery or burglary.

Were we to adopt the Government's construction that subsection (E) encompasses <u>any</u> offense in the seven sections enumerated within the parenthetical, <u>see</u> DNA Act subsection (E) <u>supra</u>, the qualifying language "involving burglary or robbery" would be rendered insignificant, if not wholly superfluous. <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 174 (2001) (refusing to adopt statutory construction that would render statutory language "insignificant."). That is because the Government's construction fails to give independent effect to the specification of the specific crimes which precede the parenthetical, namely robbery and burglary. There would be no need for Congress to specify these crimes if they were subsumed within the meaning of the parenthetical. The Government's construction of subsection (E) conflicts with the logical interpretation of the statute.[4]

---

[4]By concluding that subsection (E) encompasses only those crimes appertaining to robbery or burglary, we are in accord with the Court of Appeals for the Second Circuit. <u>See</u> <u>United States v. Peterson</u>, - - F.3d - -, 2005 WL 39126 (2d Cir. Jan. 10, 2005) (subsection (E) only encompasses those offenses in section 2111 through 2114 that involve robbery or burglary). We acknowledge, however, that we depart from the Court of Appeals for the Seventh Circuit. <u>See</u> <u>United States v. Henderson</u>, 376 F.3d 730 (7th Cir. 2004) (deciding first that the

If Congress had intended to include within subsection (E) every offense in the enumerated sections, it could have simply omitted the qualifying phrase "involving robbery or burglary."  Because Congress chose to include it, the phrase must be given meaning if possible.  See Williams v. Taylor, 529 U.S. 362, 407 (2000) (O'Connor, J., concurring) (Rather than render statutory language a nullity, "[w]e must, . . . if possible, give meaning to every clause of the statute.").  We hesitate to render statutory language irrelevant in any context and there is no valid reason to do so here.[5]  See TRW, 534

---

language of the DNA Act is ambiguous, and then, as a result of the ambiguity, deferring to the Government's interpretation that subsection (E) includes any offense under § 2113, including subsection (b), bank larceny).

[5]The Government asserts that excluding 18 U.S.C. § 2113(c) from subsection (E) violates the rule against surplusage by rendering superfluous the statutory language "as determined by the Attorney General."  See 42 U.S.C. § 14135a(d)(1). According to the Government, because the Attorney General has determined that "any offense under section . . . 2113 of Title 18" constitutes a "qualifying offense" under the Act, see 28 C.F.R. 28.2(a), excluding 18 U.S.C. § 2113(c) from subsection (E) nullifies the deference afforded to the Attorney General.  The fatal flaw in this argument is that agency interpretations are afforded deference only where Congress' intent is ambiguous. No deference is merited where, as here, Congress' intent is clear.  See Chevron, 467 U.S. at 843-44.  As such, the statutory language in question is not rendered superfluous.

10

U.S. at 31.

To be sure, "[c]anons of construction need not be conclusive and are often countered . . . by some maxim pointing in a different direction." Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 115 (2001). The rule to avoid declaring language superfluous, however, is in full accord with other canons of construction bearing upon the proper construction of subsection (E).

The Whole Act Rule instructs that subsections of a statute must be interpreted in the context of the whole enactment. 2A J. Sutherland, Statutes and Statutory Construction § 47.02, at 139 (5th ed., Norman Singer ed.). Because "[s]tatutory interpretation . . . is a holistic endeavor[,] . . . . [a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme." United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 371 (1988). Therefore, when "interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute . . . ." Kokoszka v. Belford, 417 U.S. 642, 650 (1974) (internal quotations omitted). Interpreting subsection (E) in the context of the whole statute leads to the ineluctable conclusion that the subsection embraces only violent crimes. The offenses enumerated parenthetically in subsection (E) – save §§

11

2113(b) and (c) – all involve force or violence,[6] as do the crimes enumerated in the other sections of the Act, <u>viz.</u> murder, voluntary manslaughter, sexual abuse, peonage, slavery, kidnapping, and maiming. <u>See</u> 42 U.S.C. §§ 14135a(d)(1)(A)-(G).

Furthermore, the chapter of the United States Code which contains the DNA Act significantly is entitled "Violent Crime Control and Law Enforcement." <u>See</u> 42 U.S.C. ch. 136, § 14135a. Because "the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute[,]" <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 234 (1998) (internal quotations omitted), a chapter title that contains the words "violent crime control" usually signals a provision concerning violent crimes. <u>See</u> <u>id.</u>

---

[6]18 U.S.C.§ 2111 prohibits, "within the . . . maritime and territorial jurisdiction of the United States," the taking of valuables "by force or violence, or by intimidation"; 18 U.S.C. § 2112 prohibits the robbery of United States property; 18 U.S.C. § 2113(a) prohibits bank robbery "by force and violence, or by intimidation"; 18 U.S.C. § 2114 prohibits assault with the intent to steal mail, money, or other property of the United States; 18 U.S.C. § 2116 proscribes the entering of any United States mail vehicle "by violence", or the assault of any postal clerk; 18 U.S.C. § 2118 prohibits the taking of controlled substances from persons "by force or violence or intimidation"; and 18 U.S.C. § 2119 proscribes the taking of motor vehicles from persons "by force or violence or by intimidation."

12

Given that the DNA Act appertains to violent crimes, it is illogical to construe subsection (E) as including possession of stolen bank funds. See United States v. Curtis, 245 F. Supp. 2d 512, 517-18 (W.D.N.Y. 2003).[7]

As the conclusion we reach today is directed by Congress' clear intent, we do not address the merits of the Attorney General's interpretation of the DNA Act. See INS v. St. Cyr, 533 U.S. 289, 320 n.45 (2001) ("We only defer . . . to agency interpretations of statutes that, applying the normal 'tools of statutory construction,' are ambiguous.") (quoting Chevron, 467 U.S. at 843 n.9).

II.

For the foregoing reasons, the Order of the District

---

[7]At oral argument, both parties claimed that the subsequent amendment of the DNA Act to include all felonies validated their respective interpretations of the statute. As discussed above, canons of statutory construction reveal Congress' intent not to include within the DNA Act possession of stolen bank funds. However, even if Congress' intent were somehow ambiguous, we are reluctant to divine Congress' intent from a statute's subsequent history because it is an untrustworthy barometer. See Jefferson County Pharm. Assn. v. Abbott Labs., 460 U.S. 150, 165 n.27 (1983) ("[T]he views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one.") (quoting United States v. Price, 361 U.S. 304, 313 (1960)).

13

Court compelling Sarun Cooper to submit a sample of her DNA will be reversed.