**UNITED STATES of America**

v.

**Jide KOMOLAFE, Appellant.**

**No. 06–1683.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on May 16, 2007.

FILED Aug. 31, 2007.

Robert L. Eberhardt, Office of United States Attorney, Pittsburgh, PA, for United States of America.

James W. Kraus, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for Jide Komolafe.

Before: FISHER, NYGAARD and ROTH, Circuit Judges.

## OPINION

ROTH, Circuit Judge:

This is a direct appeal stemming from Jide Komolafe's conviction on two counts of bank fraud, in violation of 18 U.S.C. § 1344(1), one count of unauthorized use of access devices, in violation of 18 U.S.C. § 1029(a)(2), one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and one count of possession of at least 15 unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3).

## I. BACKGROUND

As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the case.

On August 3, 2004, Komolafe was arrested and a criminal complaint was filed charging him with a violation of 18 U.S.C. § 1029(a)(2). On September 1, 2004, a grand jury in the Western District of Pennsylvania returned an indictment charging Komolafe with violations of 18 U.S.C. §§ 1029(a)(2) and (a)(3), and he was arraigned. A Superseding Indictment was returned on October 8, 2004, adding two counts charging Komolafe with violations of 18 U.S.C. §§ 1344(1) and 1028A(a)(1). A Second Superseding Indictment was returned on June 7, 2005, adding one count charging Komolafe with another violation of 18 U.S.C. § 1344(1). Komolafe was tried by a jury and, on July 26, 2005, found

guilty on all five counts in the Second Superseding Indictment. Komolafe was sentenced to 42 months imprisonment at Counts I, II, III, and V, all to run concurrently, 24 months imprisonment at Count IV, to run consecutively, and 5 years of supervised release.[1] This timely appeal followed.

Komolafe argues that his right to a speedy trial was violated; there was insufficient evidence to support the conviction; evidence of prior bad acts was improperly admitted; his sentence was improperly calculated; and he was denied effective assistance of counsel. For the reasons set forth below, we will affirm the judgment of the District Court.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over the action under 18 U.S.C. § 3231. We have jurisdiction to decide the appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

We exercise plenary review over issues of statutory interpretation and a district court's legal conclusions regarding a defendant's Sixth Amendment right to a speedy trial, Fifth Amendment right to due process, and double jeopardy challenges. *United States v. Cooper,* 396 F.3d 308, 310 (3d Cir.2005); *Douglas v. Cathel,* 456 F.3d 403, 417 (3d Cir.2006); *United States v. Dees,* 467 F.3d 847, 853–54 (3d Cir.2006). In reviewing a jury verdict for sufficiency of the evidence, we must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which a

---

1. Counts I and II charged bank fraud, in violation of 18 U.S.C. § 1344(1), Count III charged unauthorized use of access devices, in violation of 18 U.S.C. § 1029(a)(2), Count IV charged aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and Count V charged possession of at least 15 unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3).

rational trier of fact could find guilt beyond a reasonable doubt. *United States v. Haywood,* 363 F.3d 200, 204 n. 3 (3d Cir. 2004). To the extent that our review of a district court's Rule 404(b) ruling requires us to interpret the rules of evidence our review is plenary, but, if the evidence could have been admissible in some circumstances, we review a district court's decision to admit evidence of prior bad acts under Rule 404(b) for an abuse of discretion. *United States v. Daraio,* 445 F.3d 253, 259 (3d Cir.2006). We review the factual findings made by a district court for clear error. *United States v. Johnson,* 302 F.3d 139, 153 (3d Cir.2002); *United States v. Hamilton,* 46 F.3d 271, 273 (3d Cir.1995).

## III. DISCUSSION

### A. Right to a Speedy Trial

Komolafe claims the District Court erred in denying his motion to dismiss Counts I, II, and IV of the Second Superseding Indictment. Komolafe argues that his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.,* was violated when the government failed to indict on Counts I, II, and IV within 30 days from the date of his arrest.

The Act states that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act also provides that if no indictment is filed within the statutory time limit, then the "charge against that individual contained in such complaint shall be dismissed." 18 U.S.C. 3162(a)(1). Furthermore, superseding indictments filed longer than 30 days after an arrest which add charges to those contained in the original indictment do not violate the Speedy Trial Act. *United*

*States v. Gastelum–Almeida,* 298 F.3d 1167, 1173 (9th Cir.2002); *United States v. Hemmings,* 258 F.3d 587, 591–92 (7th Cir. 2001); *United States v. Mosquera,* 95 F.3d 1012, 1013 (11th Cir.1996). Accordingly, because Counts I, II, and IV were additional charges that were added to the charges contained in the original indictment, the Act was not violated.

Komolafe next argues that his right to a speedy trial under the Act was violated when he was not brought to trial on Counts I, II, and IV within 70 days of the original indictment. The Act states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant appeared before a judicial officer of the court in which such charge is pending, whichever date occurs last.

18 U.S.C. § 3161(c)(1). The 70–day calculation is modified by 18 U.S.C. § 3161(h), which provides periods of delay that are excludable from the computation of the speedy trial period. Failure to bring a defendant to trial within the 70–day speedy trial period requires dismissal of the indictment upon motion of the defendant. 18 U.S.C. § 3162(a)(2). When, however, a superseding indictment contains a new charge not identified in the criminal complaint or charged in the original indictment, then that superseding indictment commences a new, independent 70–day speedy trial period. *United States v. Lattany,* 982 F.2d 866, 873 n. 7 (3d Cir.1992).

Based on the foregoing, a new, independent 70–day speedy trial period commenced for Counts I and IV when Komolafe appeared in court on the Superseding

Indictment, and, likewise, a new, independent 70–day speedy trial period commenced for Count II when Komolafe appeared in court on the Second Superseding Indictment. Only 35 days passed between Komolafe's arraignment on Counts I and IV—which were originally charged in the Superseding Indictment—and the date of trial.[2] Therefore, no violation occurred with respect to those two charges. Also, because Count II was initially charged in the Second Superseding Indictment, issued on June 7, 2005, and trial began on July 18, 2005, there was no violation with regard to that charge. Accordingly, the District Court's computation of the speedy trial period was not clearly erroneous, and Komolafe was not denied his right to a speedy trial.[3]

## B. Sufficiency of Evidence to Support Conviction

Komolafe contends that there is insufficient evidence to support his conviction at Count V for possession of 15 or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). In particular, Komolafe argues that possession of names, dates of birth, addresses, and social security numbers does not constitute possession of "access devices," as defined by 18 U.S.C. § 1029(e). Accordingly, Komolafe asserts that the District Court erred by denying his FED. R. CIV. P. Rule 29 motion for judgment of acquittal on Count V and by instructing the jury that it was to determine whether Komolafe possessed the requisite minimum number of access devices.

The term "access device" is defined to mean:

> [A]ny card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to

2. Based on the following list of included and excluded dates pursuant to 18 U.S.C. § 3161(h), less than 70 days passed from the date Komolafe appeared in court on the Superseding Indictment, November 8, 2004, and the beginning of his trial, July 18, 2005:
   - 11/8/04–11/16/04 (Docket No. 26, Defendant's Motion): excluded
   - 11/17/04: 1 day included
   - 11/18/04–11/19/04 (Docket No. 30, Defendant's Motion): excluded
   - 11/19/04–1/19/05 (Order): excluded
   - 1/20/05–1/27/05: 8 days included
   - 1/28/05–3/21/05 (Order): excluded
   - 3/22/05–5/6/05 (Order): excluded
   - 5/5/05–6/14/05 (Docket Nos. 46, 56, & 58, Defendant's Motion): excluded
   - 6/15/05–7/11/05: 26 days included
   - 7/12/05–7/14/05 (Docket Nos. 68 & 70, Defendant's Motion): excluded
   - 7/14/05–7/15/05 (Docket Nos. 71 & 73, Government's Motion): excluded

3. Komolafe also claims that the delay between his arrest and trial violated his Sixth Amendment right to a speedy trial and that his Fifth Amendment right to due process was violated based on the delay in indicting him on Counts I, II, and IV. Komolafe's constitutional rights to a speedy trial were not violated because there was less than a 1 year delay between Komolafe's arrest and trial; a major portion of the delay was due to his own motions for extensions of time and postponement of trial; approximately 1 week prior to trial, he first asserted that his speedy trial rights were violated; there is no evidence that he was prejudiced by oppressive pretrial incarceration or that his defense was impaired; and he has not offered any evidence supporting his claim that the government attempted to gain a tactical advantage by the delay. *See Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). For the same reasons, we also hold that Komolafe's Fifth Amendment right to due process was not violated. *See United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

initiate a transfer of funds (other than a transfer originated solely by paper instrument).

18 U.S.C. § 1029(e)(1). The language "means of access that can be used, alone or in conjunction with another access device" to obtain anything of value was included to clarify that the statutory definition includes those devices which "may be used in connection with accounts but which themselves may not be access devices." *United States v. Hughey*, 147 F.3d 423, 435 (5th Cir.1998) (citing H.R. REP. No. 98–894, at 19 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3689, 3705). Further, the phrase "other than a transfer originated solely by paper instrument" was meant to exclude the passing of bad or forged checks from the definition of "access device." *United States v. Caputo*, 808 F.2d 963, 966 (2d Cir.1987) (citing H.R. REP. No. 98–894, at 19 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3689, 3705).

Komolafe concedes that he possessed at least 11 "access devices." In addition, the government presented evidence that Komolafe possessed a list of names with their corresponding addresses, dates of birth, and social security numbers, and verified that the list contained 65 complete sets of matching names and social security numbers. It was further shown that Komolafe was able to utilize social security numbers to obtain access to credit reports and, after identifying individuals with good credit, he was able to open fraudulent bank accounts and obtain fraudulent debit cards and credit card accounts by completing online applications to open accounts.

■ Congress intended the definition of "access device" to be broad enough to encompass technological changes, and such term should be construed broadly to encompass innovative schemes perpetrated by criminals who use unauthorized information to defraud. *Id.*; *see also United States v. Brewer*, 835 F.2d 550 (5th Cir. 1987). Based on the foregoing, we conclude that the definition of the statutory term, "access device," is broad enough to include social security numbers with corresponding names, birth dates, and addresses, and such definition does not exclude the use of these items together, transferred to paper in the form of applications or signature cards, as a "transfer originated solely by paper instrument." Accordingly, we find that substantial evidence was proffered at trial to support a finding of guilt beyond a reasonable doubt that Komolafe violated 18 U.S.C. § 1029(a)(3) and, therefore, we will affirm the District Court's denial of Komolafe's Rule 29 motion for judgment of acquittal on Count V.[4]

## C. Admission of Prior Bad Acts under Rule 404(b)

Komolafe also argues that the District Court improperly admitted evidence, by way of his wife's testimony, of other misconduct he allegedly engaged in while residing in Florida. Komolafe claims this testimony was improperly used to prove his propensity to commit the crimes he was charged with and was, therefore, inadmissible under FED.R.EVID. 404(b).

■ The testimony addressing Komolafe's fraudulent activities in Florida was admitted for a proper purpose and was relevant.[5] We also defer to the District

---

**4.** Komolafe also argues that there was insufficient evidence to convict him at Count IV for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Komolafe's argument fails because he admitted on cross examina-

tion to the precise conduct constituting the offense.

**5.** According to Rule 404(b), evidence of other crimes, wrongs, or acts has a proper purpose if used to prove "motive, opportunity, intent,

Court's assessment that the probative value outweighed the prejudicial value of the testimony. *See United States v. Cruz*, 326 F.3d 392, 396 (3d Cir.2003). Finally, the District Court gave the requisite limiting instruction to the jury with regard to the purpose for which the jury could consider the Florida conduct described by Komolafe's wife. Overall, we find that the District Court did not abuse its discretion. *See Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

### D. Calculation of Sentence

■ Komolafe argues that the District Court improperly imposed consecutive sentences at Counts III and IV in violation of double jeopardy principles. Count III charged Komolafe with using unauthorized access devices, identified as Citizens Bank and Charter One Bank debit cards, with the intent to defraud, in violation of 18 U.S.C. § 1029(a)(2). Count IV charged Komolafe with "during and in relation to the crime ... in Count Three ..., ... knowingly possess[ing] and us[ing], without lawful authority, a means of identification of another person, namely the Citizens

Bank debit card of an individual known to the grand jury as JR," in violation of 18 U.S.C. § 1028A(a)(1). Komolafe essentially argues that he was sentenced twice for the same offense conduct, i.e., using JR's Citizens Bank debit card because conviction at Count IV required proof of Komolafe's specific use of JR's Citizens Bank debit card, while the government implicitly relied upon Komolafe's use of JR's Citizens Bank debit card to obtain a conviction at Count III.

"Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature—in this case Congress—intended that each violation be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). If such legislative intent is clear from the face of the statute or the legislative history, then double jeopardy principles are not violated. *Id.* at 779, 105 S.Ct. 2407 (stating that the "*Blockburger*[6] rule is not controlling when legislative intent is clear from the face of the statute or the legislative history").

Based on a plain reading[7] of 18 U.S.C. § 1028A, it is clear the statute is meant to

---

preparation, plan, knowledge, identity, or absence of mistake or accident." The wife's testimony helped to establish Komolafe's access to fraudulently obtained identification information; knowledge of how to open bank accounts using that information; knowledge of how to obtain fraudulent deposits; identity as the individual that did the scheme and used the fraudulently obtained identification information; and that he did not accidentally become involved or mistakenly play a role in the conduct charged in the indictment, but that he acted with intent to defraud.

**6.** In *Blockburger v. United States*, the Supreme Court explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision

requires proof that the other does not." 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

**7.** 18 U.S.C. § 1028A(a)(1) states: "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(c)(4) includes "any provision contained in this chapter (relating to fraud and false statements)." 18 U.S.C. § 1029(a)(1) is one such provision. With regard to sentencing for a violation of § 1028A, the statute clearly mandates the 2–year sentence to run consecutive to, and not to reduce the imprisonment term imposed under, "the felony dur-

create a penalty that is mandated to run consecutive to the penalty imposed for the underlying felony, i.e., unauthorized use of access devices, as expressed in 18 U.S.C. § 1029(a)(2). Accordingly, the sentences imposed at Counts III and IV were proper.

Second, Komolafe argues that the record does not support a finding that he perjured himself at trial and, therefore, the District Court improperly applied a 2-level obstruction of justice enhancement, pursuant to U.S.S.G. § 3C1.1.

█ To support its burden to prove that Komolafe willfully obstructed justice, the government recited the evidence it offered at trial to show that he perjured himself on the witness stand when he claimed that he did not open bank accounts. In response, the District Court stated that "clearly, based on prior statements to law enforcement, based on the overwhelming evidence, I do believe that Mr. Komolafe provided materially false information during the course of the proceeding." *See United States v. Boggi,* 74 F.3d 470, 479 (3d Cir.1996). Accordingly, the 2-level sentence enhancement for obstruction of justice was proper because the District Court's findings of fact were not clearly erroneous, and its statement of those findings was sufficient pursuant to *Boggi.*

## III. *CONCLUSION*

We will affirm Komolafe's judgment of conviction and sentence. We will deny without prejudice his ineffective assistance of counsel claim[8] so that it may be pursued during collateral proceedings under 28 U.S.C. § 2255.

ing which the means of identification was transferred, possessed, or used." 18 U.S.C. 1028A(b)(2), (3).

8. "It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thornton,* 327 F.3d 268, 271 (3d Cir.2003). The one "narrow exception" to this rule is that an inquiry into ineffective assistance is allowed "when the record is sufficient to allow determination of the issue." *Id.* The record is not complete for us to consider that issue now, so we decline to rule on it.