ROTH, Circuit Judge *128 Liberty Woods International (LWI) brought suit for cargo damage sustained during a trip to Camden, New Jersey, on the Ocean Quartz (Vessel). Liability for the damage is governed by the carrier's bill of lading, which contains a forum selection clause requiring suit to be brought in South Korea. LWI instead sought to bring an in rem suit against the Vessel in the District of New Jersey, arguing that the foreign forum selection clause violates the Carriage of Goods by Sea Act (COGSA) because South Korea does not allow in rem suits. The District Court dismissed the case, and for the following reasons, we will affirm.
I.
LWI purchased plywood veneer sheets, which it shipped to Camden, New Jersey, on the Vessel. Dalia Ship Holding owns the Vessel; however, in a chain of chartering, Dalia bareboat chartered[1] the Vessel to Star Bulk, which in turn time chartered it to Daiichi, which in turn time chartered it to SK Shipping. SK Shipping issued a bill of lading which specified that "[a]ny claim, dispute, suit or action concerning goods carried under this Bill of Lading, whether based upon breach of contract, tort, or otherwise shall be brought before the Seoul District Court in Korea." Both parties agree that LWI's cargo is covered by this bill of lading.
In February 2013, the Vessel arrived in Camden, and LWI discovered that its cargo was damaged. Believing the damage was caused by improper stowage, LWI threatened to arrest the Vessel. In lieu of an arrest, the Japan Ship Owners' Mutual Protection & Indemnity Association (JSO) issued to LWI and its insurers a letter of undertaking (LOU) on behalf of the Vessel, which could be used to satisfy any judgment against the Vessel in rem up to and including $2.75 million.
On December 23, 2015, LWI filed suit in the District of New Jersey against the Vessel in rem and Dalia in personam . Dalia answered on behalf of the in rem defendant. LWI later learned that it could not recover in personam against Dalia because of the bareboat charter. While LWI could have filed an in personam suit against S.K. Shipping in South Korea, it chose not to. At argument, counsel admitted that this was a strategic move on its part, because LWI felt that its suit would not be successful in South Korea.
The Vessel moved to dismiss the New Jersey suit based on the forum selection clause in the bill of lading. LWI argued that enforcing the forum selection clause would violate section 3(8) of COGSA. In relevant part, this section states:
Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this Act, shall be null and void and of no effect. A benefit of insurance in favor of the carrier, or similar clause, shall be *129 deemed to be a clause relieving the carrier from liability.[2]
LWI argued that this provision invalidates the foreign forum selection clause because South Korea does not recognize in rem suits. On November 9, 2016, the District Court granted the motion to dismiss under Rule 12(b)(3). LWI appealed.
II.[3]
A.
In granting the motion to dismiss, the District Court erred in interpreting COGSA by confusing it with the Harter Act, a precursor to COGSA. COGSA was modeled after the Brussels Convention for the Unification of Certain Rules Relating to Bills of Lading (Hague Rules).[4] In 2006, COGSA was relocated from 46 U.S.C. §§ 1300 et seq. , to a note after 46 U.S.C. § 30701.[5] During this same period, the Harter Act was also moved from 46 U.S.C. §§ 190-196 to 46 U.S.C. §§ 30701 - 30707. As a result, COGSA was amended, not merely relocated. The relocated Harter Act provisions were the "amended" COGSA provisions. Upon analyzing 46 U.S.C. §§ 30704 and 30705, the District Court held that Congress modified COGSA's language so that it no longer prohibited limiting a ship's liability.[6] That, however, was a misinterpretation of COGSA.
B.
Nevertheless, we will affirm the judgment because the foreign forum selection clause here does not violate COGSA.
While foreign forum selection clauses were originally disfavored under COGSA, the Supreme Court later adopted a policy that better reflected the need to respect the competence of foreign forums to resolve disputes. In the seminal case of Indussa Corp. v. S.S. Ranborg , the Second Circuit held a foreign forum selection clause to be invalid because it "put[ ] 'a high hurdle' in the way of enforcing liability, and thus [was] an effective means for carriers to secure settlements lower than if cargo [owners] could sue in a convenient forum."[7] After Indussa , courts of appeal uniformly adopted this reasoning to invalidate foreign forum selection clauses[8] until the Supreme Court overruled Indussa in Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer .
Sky Reefer held that a foreign arbitration *130 [9] clause would not lessen carrier liability in violation of COGSA solely because litigating abroad would be more costly.[10] While acknowledging that a choice of forum and choice of law clause would be invalid as against public policy if they operated as a "prospective waiver of a party's right to pursue statutory remedies,"[11] the Court noted that "the historical judicial resistance to foreign forum selection clauses has little place in an era when ... businesses ... now operate in world markets."[12] Moreover, the Court stated that it would be "out of keeping with the objects of the [Hague Rules] for the courts of this country to interpret COGSA to disparage the authority or competence of international forums for dispute resolution."[13] Accordingly, the Court held that while COGSA prohibited lessening the "liability for loss or damage ... arising from negligence, fault, or failure in the duties and obligations provided in this section,"[14] COGSA did not address the "means and costs of enforcing that liability."[15] "The relevant question ... is whether the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees."[16]
LWI argues, however, that the forum selection clause here violates COGSA because in rem suits are themselves a substantive right guaranteed by the statute. In the alternative, LWI seems to argue that mandating a South Korean forum will effectively limit the Vessel's liability. We consider each argument in turn.
1.
LWI claims that COGSA designates in rem suits as substantive rights, which are violated by the instant forum selection clause. We disagree. As LWI concedes, when the plain language of a statute is clear, the text should govern.[17] An examination of the plain language of section 3(8) shows that the clause clearly protects both carrier and ship liability; any clause completely eliminating or lessening ship liability runs afoul of COGSA.[18] This does not mean, however, that section 3(8) guarantees the right to an in rem suit. Rather, COGSA protects ship liability , not any particular vehicle for imposing it. The text does not mention in rem suits, nor require any specific remedy for enforcing ship liability. Indeed, such an interpretation would run counter to Sky Reefer 's holding that COGSA does not protect procedural means for enforcing liability. Insofar as prohibiting in rem suits makes enforcing ship liability more costly or less convenient, Sky Reefer explicitly held that liability is not improperly lessened by procedural *131 costs.[19]
While LWI acknowledges that section 3(8) protects against lessening of ship liability, it cites this language as establishing a substantive right to in rem suits without adequately explaining this analytic leap. LWI argues in its brief that in rem suits are well established and important features of maritime law in the United States. It maintains that nothing in section 3 excludes in rem rights or limits in rem rights against the ship to a procedural device for the enforcement of an in personam defendant's liability. This argument turns the necessary discussion on its head; arguing that absence of express limitations grants a substantive right, especially in light of Sky Reefer 's limitations, is woefully inadequate.
In addition to the textual reasons for concluding that COGSA does not grant the substantive right to in rem suits, there are strong policy considerations that caution against such an interpretation. Requiring in rem suits would essentially invalidate numerous foreign forum selection clauses, as many countries do not acknowledge in rem suits.[20] Indeed, the United States is one of the few countries that do recognize in rem suits. Imposing this idiosyncratic procedural requirement on other countries would be needlessly parochial. For these reasons, we conclude that COGSA section 3(8)'s substantive protections[21] encompass ship liability, not in rem suits specifically as the instrument to seek that recovery.[22]
2.
LWI argues that even if in rem suits are not a substantive right, the forum selection clause here effectively relieves or lessens ship liability by not recognizing in rem actions, in violation of COGSA. Once again, we disagree.
While in rem suits might appear to be an obvious way to impose ship liability, courts have recognized other avenues for imposing liability in situations where in rem suits are prohibited. Courts have recognized plaintiffs' ability to obtain LOUs in lieu of bringing an in rem suit when they are precluded from doing so by arbitration clauses, which functionally prohibit *132 in rem suits.[23] For example, in Thyssen Inc. v. Calypso Shipping Corporation, S.A. , the Second Circuit held that an arbitration clause did not violate COGSA because the plaintiff accepted an LOU as full security of its claims and could have recovered against the ship pursuant to the LOU. The Second Circuit reasoned that "[a] letter of undertaking replaces the vessel as the res and moots the question of the need for separate in rem claim."[24] This Circuit similarly held that "[g]enerally, once a[n] LOU is issued, the letter becomes a complete substitute for the res and the maritime lien transfers from the vessel to the LOU."[25]
As the Vessel argues, LWI could have obtained an LOU that would provide security for an in personam suit in South Korea. Moreover, the Vessel produced an unchallenged affidavit by Korean lawyer Byung-Suk Chung, claiming that South Korean law allows a party to "obtain[ ] security from vessel interests by arresting a vessel or attaching other assets in a foreign jurisdiction ... to act as security for an in personam judgment to be obtained in the Seoul District Court."[26] Because LWI would then be able to collect from the Vessel using the LOU, the forum selection clause would not lessen or relieve the ship's liability in violation of COGSA.
In response, LWI raises a narrow argument: LWI concedes that obtaining an LOU is an accepted practice that is functionally equivalent to arresting a ship in an in rem suit.[27] Further, LWI does not argue that the forum selection clause prevented LWI from arresting the Vessel and obtaining a bond or an LOU. Instead, LWI argues that the forum selection clause eliminated ship liability in this case , because LWI received an LOU that secured only an in rem judgment against the Vessel. LWI does not allege that it could not have obtained an LOU unencumbered by this restriction. Indeed, LWI's inability to recover seems to be a consequence of its own deliberate inaction: First, it refused to file an in personam suit against S.K. Shipping in South Korea. Second, it did not obtain an LOU that would be applicable to an in personam suit. LWI's own willful limitation of alternatives, not the forum selection clause, has eliminated its ability to recover. For this reason, we hold that the forum selection clause did not effectively lessen or eliminate the Vessel's liability and that it is valid under COGSA.
Because LWI has not raised any other arguments as to how the District Court abused its discretion in enforcing the forum selection clause, we will affirm the District Court's dismissal of the suit.
III.
In this case, we are asked to support an interpretation of COGSA that would invalidate *133 a host of foreign forum selection clauses for the sake of a procedural device available in few countries besides the United States. Where parties have contracted to bring suit abroad, the U.S. must be cognizant of its status as a member of a global community and respect the competence of other jurisdictions to adjudicate claims. In light of this and in light of the fact that the forum selection clause did not lessen or eliminate ship liability for cargo damage, we decline to impose LWI's restrictive interpretation of COGSA. COGSA does not invalidate the forum selection clause simply because the selected jurisdiction does not acknowledge in rem suits. For this reason, we will affirm the District Court's order, dismissing the action.

Bareboat chartering transfers complete control and operation of the vessel from the owner to the bareboat charterer without imposing liability for the acts of the charterer.

Note to 46 U.S.C. § 30701, Title I, Section 8 (emphasis added).

The District Court exercised jurisdiction under 28 U.S.C. §§ 1332(a)(2) and1333(1), and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's construction of COGSA, see e.g. , United States v. Cooper , 396 F.3d 308, 310 (3d Cir. 2005) (citation omitted), and review the District Court's decision to dismiss a complaint on the basis of forum non conveniens for abuse of discretion, Windt v. Qwest Comms. Int'l, Inc. , 529 F.3d 183, 189 (3d Cir. 2008) ("This Court reviews a district court's dismissal of a complaint on forum non conveniens grounds for abuse of discretion." (citations omitted) ).

Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer , 515 U.S. 528, 536, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995).

200 A.L.R. Fed. 249 (2005) (noting the original locations for COGSA and the Harter Act).

App. 14 ("Therefore, it is evident from the plain language of COGSA that 'the carrier' may not limit its liability through provisions inserted into a bill of lading. 46 U.S.C.A. §§ 30704, 30705. Congress did not make the same requirement of 'the ship.' ").

377 F.2d 200, 203 (2d Cir. 1967) (internal citation omitted).

Sky Reefer , 515 U.S. at 533, 115 S.Ct. 2322 (collecting cases).

While Sky Reefer involved a foreign arbitration clause, the Supreme Court noted that "foreign arbitration clauses are but a subset of foreign forum selection clauses in general[.]" Id . at 534, 115 S.Ct. 2322 (citation omitted).

Id.

Id. at 540, 115 S.Ct. 2322 (internal quotation marks and citation omitted).

Id . at 537-38, 115 S.Ct. 2322 (first omission in original) (internal quotation marks and citation omitted).

Id . at 537, 115 S.Ct. 2322.

Id . at 534, 115 S.Ct. 2322 (omission in original).

Id.

Id . at 539, 115 S.Ct. 2322 (citation omitted).

Cooper , 396 F.3d at 310 (citation omitted).

Note to 46 U.S.C. § 30701, Title I, Section 3(8) (prohibiting "[a]ny clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability[.]").

Sky Reefer , 515 U.S. at 534, 115 S.Ct. 2322 (noting the difference "between applicable liability principles and the forum in which they are to be vindicated").

See, e.g. , Thyssenkrupp Materials NA, Inc. v. M/V KACEY , 236 F.Supp.3d 835, 840 (S.D.N.Y. 2017) (acknowledging that Greek law does not recognize in rem actions); Uniwire Trading LLC v. M/V Wladyslaw Orkan , 622 F.Supp.2d 15, 21 (S.D.N.Y. 2008) (acknowledging that Polish law does not recognize in rem suits); Matter of Topgallant Lines, Inc. , 154 B.R. 368, 380 (S.D. Ga. 1993), aff'd sub nom. McAllister Towing v. Ambassador , 20 F.3d 1175 (11th Cir. 1994) (acknowledging that German law does not recognize in rem suits).

For this reason, and because LWI has not argued that any other statute creates a substantive right to in rem suits, we reject LWI's argument that the forum selection clause functions as a prospective waiver of a statutory remedy, as prohibited by Sky Reefer .

We join the Ninth Circuit in so holding. The Ninth Circuit upheld a forum selection clause specifying that Korean law would govern in Fireman's Fund Insurance Co. v. M.V. DSR Atlantic , holding that an in rem proceeding was merely a "means ... of enforcing [COGSA] liability." 131 F.3d 1336, 1339-40 (9th Cir. 1997), as amended (Mar. 10, 1998) (internal quotation marks and citation omitted) (omission in original). The Ninth Circuit found no COGSA violation because the vessel presented uncontroverted evidence that Korean law was at least as favorable to the plaintiff as COGSA. Id . at 1340. The Ninth Circuit summarily confirmed this holding in Kukje Hwajae Ins. Co., Ltd. v. M/V/ Hyundai Liberty , 408 F.3d 1250, 1255 (9th Cir. 2005).

Petroleos Mexicanos Refinacion v. M/T KING A , 554 F.3d 99, 108 (3d Cir. 2009) ("An in rem action is cognizable only in federal court; therefore the vessel could not have been a party to the in personam arbitration." (citing Madruga v. Superior Court, 346 U.S. 556, 560, 74 S.Ct. 298, 98 L.Ed. 290 (1954) ) ).

Thyssen, Inc. v. Calypso Shipping Corp., S.A. , 310 F.3d 102, 107 (2d Cir. 2002) (citations omitted).

Petroleos , 554 F.3d at 104 (citations omitted).

App. 119.

LWI's counsel admitted that the LOU is limited to the amount "you could get if you actually arrested the vessel. So what you get in a letter of undertaking is exactly the same thing that you get when you arrest the vessel ...." Audio Recording of Oral Arguments held July 11, 2017 at 5:50-6:15, http://www.ca3.uscourts.gov/oral-argument-recordings. Additionally, the Federal Rules of Civil Procedure Supplemental Rules allow for a similar procedure.