Raymond JEFFERSON and June
Jefferson, Plaintiffs,

v.

MISSISSIPPI GULF COAST YMCA, IN-
CORPORATED, and Landmark Fi-
nance Corporation of Mississippi, De-
fendants.

Civ. A. No. S86–0473(GN).

United States District Court,
S.D. Mississippi, S.D.

Oct. 31, 1986.

David Oliver, Gulfport, Miss., for plaintiffs.

C. Thomas Anderson, Ocean Springs, Miss., for trustee.

David Cobb, Richard B. Brown, Jr., Gulfport, Miss., for defendants.

## MEMORANDUM OPINION

GEX, District Judge.

■ This matter is before the Court on an attempted [1] appeal, filed by the debtors, from an Order of the Bankruptcy Court which dismissed with prejudice an adversary proceeding the debtors had filed against the Appellees Landmark Finance Corporation of Mississippi ("Landmark") and the Mississippi Gulf Coast Y.M.C.A. ("Y.M.C.A."), 59 B.R. 707. For the reasons stated below, the Court is of the opinion that the decision of the Bankruptcy Court was proper and should be affirmed.

■ This Court is mindful of the limitations placed upon its review of the lower court's factual and legal determinations. On an appeal from a bankruptcy court judgment, a district court must review the bankruptcy court's findings of fact by the clearly erroneous standard of review, even when the lower court's findings do not rest on credibility determinations but on physical or documentary evidence or inferences from other facts. Rule 8013 of the Rules of Bankruptcy Procedure; *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303 (5th Cir.1985). However, with regard to the conclusions of law adopted by

1. The Court notes that in order for this Court to have jurisdiction to hear the instant appeal pursuant to 28 U.S.C. Section 158, it was necessary for the trustee to not only prosecute the appeal but also to initiate the Complaint. *See* 11 U.S.C. Sections 323 and 541; Rules 6009 and 8001 of the Rules of Bankruptcy Procedure. The trustee having done neither in this case, the Court is of the opinion that it is without jurisdiction to hear this appeal. *See Donavan v. S.O. Shipping Co.*, 259 F.2d 65 (4th Cir.1958), cert. den'd 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572 (1959); *Skelton v. Clements*, 408 F.2d 353 (9th Cir.1969); *Mand v. Sinclair*, 278 F.2d 629 (5th Cir.1960); *Dallas Cabona, Inc. v. Hyatt Corporation*, 441 F.2d 865 (5th Cir.1971). The Court has proceeded to address the merits of the Bankruptcy Court's ruling and the issues raised by "appellants" in order to provide an alternative holding which upholds the action of the Bankruptcy Court.

the bankruptcy court, this Court is empowered to conduct a de novo review and thus independently determine the ultimate legality of the bankruptcy court's ruling. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249 (5th Cir.1986); *Matter of Bufkin Bros., Inc.*, 757 F.2d 1573 (5th Cir.1985).

The Court need not state in detail the procedural history of this case as such was accurately recounted in the Bankruptcy Court's Order of Dismissal and Conclusions of Law on Dismissal of Proceedings. Briefly, the adversary proceeding from which this appeal is taken was instituted subsequent to the fourth bankruptcy filing by the debtors within a period of nineteen months. Several months subsequent to the dismissal of the debtor's first filing (No. 8208144SC) on June 20, 1983, which was dismissed for their failure to file a plan of reorganization, the debtors again became in arrears with Landmark and Landmark again [2] commenced foreclosure proceedings. The second foreclosure sale was cancelled because of the debtors' second filing (No. 8407357SC) on the day of the scheduled sale, March 19, 1984. Landmark's Motion to Lift the Automatic Stay was granted by the Court's Order of March 27, 1984. This second filing was dismissed on April 3, 1984, on the debtors' own Motion to Dismiss. The third filing (No. 8407488SC) also occurred on the day the new foreclosure sale was scheduled, April 19, 1984. Oral authority to proceed with the sale was obtained from the Bankruptcy Judge (Record, pp. 24–26), and the sale was conducted that day. This third bankruptcy proceeding was dismissed on May 7, 1984, for the debtors' failure to file the required schedules.

The fourth bankruptcy filing (No. 8407599SC) occurred on May 17, 1984. The debtors, without being joined in by the trustee, commenced the adversary proceeding from which the instant appeal is taken by filing an Amended Complaint [3] on April 17, 1985, against the Y.M.C.A. and Landmark alleging, *inter alia*, (1) "collusion and conspiracy" on the part of appellees as well as inadequate consideration with regard to the Trustee's Deed executed in favor of the Y.M.C.A., (2) slander of title, and (3) that the trustee, Tom Anderson, should be removed for mismanagement, failing to adequately protect the debtors' estate, and for neglect of duty. The debtors requested that the foreclosure be set aside and that they be awarded compensatory and punitive damages. The Bankruptcy Court granted the Motion to Dismiss filed by the appellees (and joined in by the trustee) and awarded attorney's fees against the appellants.

Although appellants' brief has attempted to assign four errors allegedly committed by the lower court, this Court's analysis will address the two issues presented by the appeal, viz., (1) whether the lower court erred in dismissing the Amended Complaint, and (2) whether the lower court abused its discretion in awarding attorney's fees.

The Court determines at the outset that the lower court's finding that "the true consideration paid for (the subject) property was reasonable and adequate and was the result of competitive bidding for the property" is not clearly erroneous. The Y.M.C.A., which submitted the highest bid for the property, assumed responsibility for the payment of two prior mortgages and several thousand dollars in delinquent property taxes. The foreclosure sale resulted in a surplus of approximately $38,000.00 which was turned over to the trustee for the benefit of the estate.

The Court further finds that the lower court's determinations under the law that (1) the appellants had no standing to institute this adversary proceeding and (2) the Order Lifting the Automatic Stay in appellants' second filing (No. 8407357SC) constituted res judicata (or collateral estoppel) are correct. It is well settled that the right to pursue causes of action formerly

---

**2.** Prior foreclosure proceedings scheduled for October 14, 1982, were cancelled because of the automatic stay (11 U.S.C. Section 362) invoked by the debtors' initial filing that same day.

**3.** The debtors' initial Complaint was filed March 20, 1985.

belonging to the debtor—a form of "property" under the Bankruptcy Code—vests in the trustee and must be brought by the trustee for the benefit of the estate. *See In re Couch*, 43 B.R. 56 (Bankr.E.D.Ark. 1984); *Bryson v. Bank of New York*, 584 F.Supp. 1306 (S.D.N.Y.1984). *Also see* 11 U.S.C. Section 323 and 541; Rules 6009 and 8001 of the Rules of Bankruptcy Procedure. The trustee in the instant case—based upon his statements made at the May 30, 1985, hearing—elected not to join in the (Amended) Complaint after having assessed the circumstances surrounding the foreclosure, including the fact that it had been conducted pursuant to the lower court's Order lifting the automatic stay and because the proceeds of the sale were an asset of the estate. A bankruptcy trustee is not obligated to pursue every cause of action, *Merrill v. Abbott*, 41 B.R. 985 (D.Utah 1984), and the evidence of record in the instant case amply supports his declining to do so here. Accordingly, this Court is of the opinion that the lower court did not err as a matter of law in ruling that the appellants had no standing to initiate this adversary proceeding.

The Court next addresses the legal propriety of the lower court's holding that the automatic stay provisions of 11 U.S.C. Section 362(a) did not operate to bar or preclude the foreclosure proceedings where an Order pursuant to 11 U.S.C. Section 362(d) was entered lifting the stay and allowing a sale to proceed in a previous bankruptcy involving the same debtors, the same creditors and the same property. The Court has studied the issue and concludes that the lower Court's decision that the April 19, 1984, foreclosure sale did not violate the automatic stay provision of 11 U.S.C. Section 362(a)—whether based on principles of res judicata, *ODECO v. Mont Boat Rental Services, Inc., Et Al*, 799 F.2d 213 (5th Cir.1986), or collateral estoppel, *United States v. Mendoza*, 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984)—did not constitute error as a matter of law and, in fact, was fully justified given the posture of this case. *See In re Bystrek*, 17 B.R. 894 (E.D.Pa.1982); *Carondelet Savings and Loan Assn. v. McKanders*, 42

B.R. 108 (N.G.Ga.1984). The lower court's decision to lift the automatic stay in No. 8407357SC was an act within the discretion of the bankruptcy judge, *In re MacDonald*, 755 F.2d 715 (9th Cir.1985), *In re Timbers of Inwood Forest Associates, Ltd.*, 793 F.2d 1380 (5th Cir.1986), and to have allowed the debtors to effectively circumvent the effects of the Order Lifting the Automatic Stay by voluntarily dismissing their own bankruptcy and filing a new bankruptcy shortly thereafter would have amounted to a condonation of appellants' attempts to thwart the purposes of 11 U.S.C. Section 362(a). *See GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711 (5th Cir. 1985).

Appellants further allege that the lower court erred in not conducting an evidentiary hearing relative to the portion of the Amended Complaint which asked for the removal of the trustee. The Court is of the opinion that the bankruptcy judge acted correctly in dismissing this portion of the Amended Complaint (as well as the remaining allegations) for failure to state a claim upon which relief can be granted for two reasons. *See* Rule 7012(b) of the Rules of Bankruptcy. Firstly, the removal of a trustee is not among the matters enumerated in Rule 7001 of the Rules of Bankruptcy Procedure as being within the scope of an adversary proceeding. 11 U.S.C. Section 325 provides for the removal of a trustee for cause, after notice and hearing, and the proper procedural avenue for appellants to pursue removal of the trustee is by motion and not by adversary proceeding. *See* Rules 9013 and 9014 of the Rules of Bankruptcy Procedure. Secondly, at the hearing the bankruptcy judge, having taken judicial notice of appellants' previous bankruptcy filings and dismissals, indicated that he was familiar with the debtors' schedule of assets and liabilities and the present trustee's qualifications. The Court, therefore, concludes that the lower court's dismissal of this portion of appellants' Amended Complaint—both for the fact that it was improperly asserted and for inadequacy—was correct.

The Court finally addresses whether the lower court abused its discretion in awarding attorney's fees. It is well settled that the commencement and prosecution of every bankruptcy proceeding carries with it a requirement of good faith in order to "prevent( ) abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes." *Matter of Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.1986). The bankruptcy court's determination of whether the debtor's filing for relief is in good faith depends largely upon its "on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *Id.* at 1072. Attorney's fees are properly awardable in a case where lack of good faith has been employed, and the award may rest on one of several available bases. *See* Rule 9011 of Bankruptcy Procedure; *In re Owners of Harvey Oil Center*, 788 F.2d 275 (5th Cir.1986) (affirming principle that Federal court litigants can be required to pay their own attorney's fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' "); *In re Trust Deed Center, Inc.*, 36 B.R. 846 (C.D.Calif.1984) (sanctions assessed in amount of attorney's fees incurred by creditor in multiple filing situation).

This Court concludes that the bankruptcy judge's finding that "the repetitive Bankruptcy filings by the Plaintiffs were not made in good faith and constitute an abuse of the Bankruptcy laws ..." is supported by sufficient evidence and is neither clearly erroneous nor contrary to law. Although appellants further dispute the sums awarded in attorney's fees to counsel for the Y.M.C.A. ($570.00) and counsel for Landmark ($700.00), this Court notes that bankruptcy courts have broad discretion in determining the amount of attorney's fees to be awarded and that the exercise of that discretion is not to be interfered with absent a showing that it has been abused. *In re Foster Iron Works, Inc.*, 3 B.R. 715 (D.C.Tex.1980). No such showing has been made here. Attorneys for the appellees duly submitted time records to the bankruptcy judge upon his request, and appellants have failed to present any evidence which would indicate that the bankruptcy judge did not consider the applicable factors in assessing the reasonableness of the fees. *See In re Hudson Shipbuilders, Inc.*, 794 F.2d 1051 (5th Cir.1986). Finally, in this regard, the Court notes that the debtors' attorney approved the form of the Order of Dismissal which contained blanks for the bankruptcy judge to fill in with the assessed amount of attorney's fees.

In sum, the Court holds that the bankruptcy court properly dismissed the above styled adversary proceeding and that it did not abuse its discretion in awarding attorney's fees to appellees' counsel; the decision of the bankruptcy court is therefore affirmed.

An Order consistent with the findings in this Opinion will be entered by the Court.