REVISED March 2, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals Fifth Circuit**

**F I L E D**

February 15, 2010

Charles R. Fulbruge III
Clerk

No. 09-60394
Summary Calendar

In the Matter of: NANCY BARNER

       Debtor

------------------------------------------------

NANCY BARNER

                                          Appellant

v.

SAXON MORTGAGE SERVICES, INC. Servicer for Deutsche Trust Company

                                          Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:

    Appellee Saxon Mortgage Services, Inc. ("Saxon"), conducted a foreclosure sale of Appellant Nancy Barner's ("Barner") principal residence a day after her bankruptcy filing and subsequently moved for a determination that the

automatic stay was not in effect at the time of the sale. The bankruptcy court, citing an order issued in Barner's previous bankruptcy, granted the motion and the district court affirmed. Barner appeals, arguing that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") precludes application of the prior order. Because no provision of BAPCPA affected the continued vitality of pre-BAPCPA orders, we AFFIRM.

## I. BACKGROUND

Barner filed her first bankruptcy case, under Chapter 7 of the Bankruptcy Code, on October 18, 2004. At the time, Deutsche Bank Trust owned a deed of trust secured by Barner's principal residence and serviced by Saxon. On December 14, 2004, the bankruptcy court entered an order ("2004 order") lifting the automatic stay as it applied to Barner's residence. Barner's case was subsequently dismissed.

On February 1, 2007, one day before the scheduled foreclosure sale of her residence, Barner filed a second bankruptcy petition, this time under Chapter 13. Saxon proceeded with the sale and, on June 27, filed a motion seeking a determination that the automatic stay was not in effect as to the residence at the time of the sale. After a hearing on the merits, the bankruptcy court ruled that the stay was not in effect because of the 2004 order. The court relied on Jefferson v. Mississippi Gulf Coast YMCA, Inc., 73 B.R. 179, 182 (S.D. Miss. 1986), which held that the automatic stay does not bar foreclosure proceedings "where an Order . . . was entered lifting the stay . . . in a previous bankruptcy involving the same debtors, the same creditors and the same property." The court therefore issued an order stating that the sale was not a violation of the automatic stay.

Barner appealed that order, and the district court affirmed. She now appeals to this court.

## II. DISCUSSION

"We review a district court's affirmance of a bankruptcy court decision by applying the same standard of review to the bankruptcy court decision that the district court applied." In re Martinez, 564 F.3d 719, 726 (5th Cir. 2009). We therefore review factual findings for clear error and conclusions of law de novo. Id.

Barner raises three issues on appeal: that provisions of BAPCPA, which became effective before her second filing, prohibited enforcement of the order from her prior bankruptcy; that BAPCPA effectively overruled Jefferson v. Mississippi Gulf Coast YMCA, Inc., supra; and that the Federal Rules of Bankruptcy Procedure required Saxon to bring an adversary proceeding to determine whether the automatic stay was in effect at the time of the foreclosure sale. Neither party challenges Jefferson's holding under pre-BAPCA law, which would be an issue of first impression before this court. Therefore, we do not address it.

Barner argues first that 11 U.S.C. §§ 362(d)(4) and (b)(20) prohibit enforcement of the 2004 order lifting the automatic stay as to her residence. Subsection (d)(4) provides that the bankruptcy court may grant relief from the automatic stay as to real property when it finds that the filing of the bankruptcy petition was "part of a scheme to delay, hinder, and defraud creditors" that involved multiple bankruptcy filings affecting the real property. 11 U.S.C. § 362(d)(4)(B). Orders granted under (d)(4) "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court."

Subsection (b)(20), in turn, is the exception to the automatic stay allowing for enforcement of (d)(4) orders from prior cases. It too provides that such a (d)(4) order may be enforced for 2 years after the date of its entry.

That the order lifting the automatic stay was entered prior to the effective date of BAPCPA relieves it from compliance with § 362(d)(4). That provision did not exist, in any form, at the time the order was entered, and BAPCPA, which added the provision, stated clearly that its provisions were not to apply retroactively to cases filed before its effective date. Pub. L. No. 109-8 § 1501(b)(1). Barner's first bankruptcy was such a case, and so § 362(d)(4) is irrelevant to orders issued in that case.

Because the 2004 order was not entered under subsection (d)(4), the limitation of subsection (b)(20), which provides that (d)(4) orders may suspend the automatic stay for no longer than two years after their entry, is also inapplicable. The provision applies exclusively to an "order under subsection (d)(4) as to such real property in any prior case under this title." Not being a (d)(4) order, the 2004 order is unaffected by subsection (b)(20).

Barner's second argument is that BAPCPA implicitly overturned Jefferson with respect to in rem orders issued before it became effective. Jefferson held that "principles of res judicata or collateral estoppel" allowed the application of an order under (pre-BAPCPA) § 362(d) suspending the automatic stay in a subsequent bankruptcy case "involving the same debtors, the same creditors and the same property." 73 B.R. at 182 (internal citations omitted). The law, at the time, allowed entry of an order providing relief from the automatic stay with respect to property "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362 (1994). The law did not limit the length of time that such an order could remain in effect.

Whether or not BAPCPA overturned Jefferson prospectively, it did not modify or affect orders issued in cases filed before its effective date. Pub. L. No. 109-8 § 1501(b)(1). Further, none of the amendments made to § 362(b) affect the validity of such orders. Jefferson's applicability to pre-BAPCPA cases, and orders issued in them, is therefore unchanged.

Finally, Barner contends that Rule 7001 of the Federal Rules of Bankruptcy Procedure required Saxon to seek relief in an adversary proceeding, rather than by motion. Rule 7001, in relevant portion, requires an adversary proceeding "(2) to determine the validity, priority, or extent of a lien or other interest in property" and "(9) to obtain a declaratory judgment relating to any of the foregoing." Rule 4001(1), however, provides that a motion is the proper means to seek "relief from an automatic stay provided by the Code."

In this case, Saxon did not seek an in rem order or a lien. Rather than ask the court to determine the fact or extent of its interest in Barner's residence, Saxon moved for the court to "enter an order determining that because the automatic stay had been previously lifted and the subject property abandoned from the estate of the debtor in [the previous case] that the automatic stay was not in effect when the subject bankruptcy was filed on February 2, 2007, and that the foreclosure sale conduct on FEBRUARY 2, 2007, was not invalid." This requested relief does not fall within the bounds of Rule 7001.

Further, Barner's substantial rights were unaffected by Saxon's seeking relief by motion rather than by adversary proceeding. See FED. R. BANKR. P. 9005; FED. R. CIV. P. 61. The parties had a full hearing on the merits before the bankruptcy court and the ability to litigate all questions of law there and before the district court. If there was error in proceeding by motion, it was harmless.

## III. CONCLUSION

For the reasons discussed above, the district court's decision is AFFIRMED.