PER CURIAM: *
Appellant Pellie Moody appeals from the bankruptcy court’s denial of her motion to enforce the discharge injunction in her Chapter 13 bankruptcy proceeding. The bankruptcy court determined that although Moody received a discharge of a debt incurred by her spouse, the debt survived against after-acquired community property because her husband was independently denied a discharge of the same debt. We agree and affirm the judgment of the bankruptcy court.
I.
This is a bankruptcy dispute over a loan made by Appellee Henry Muller to Irving Moody, the husband of Appellant Pellie Moody (“the Muller debt” or “the debt”). Irving Moody failed to repay the Muller debt as promised, so Muller sued him in Louisiana state court, taking a judgment against him. Then, in 1998, Irving Moody filed for Chapter 7 bankruptcy protection in the Eastern District of Louisiana, but the bankruptcy court denied him a discharge of the Muller debt.
After her husband’s failed attempt to discharge the Muller debt, Pellie Moody filed her own bankruptcy case — this one under Chapter 13 — in the Eastern District of Louisiana. She, too, sought a discharge of the Muller debt. Over Muller’s objection, the bankruptcy court allowed Pellie Moody to include the debt in her reorganization plan, which the court then confirmed. Pellie Moody thus received a discharge of the Muller debt where her husband could not.
Years passed, and in August of 2008, Muller resumed efforts to collect on the debt, seeking specifically to garnish Irving Moody’s wages. Pellie Moody responded by reopening her Chapter 13 bankruptcy case, moving to enforce the discharge. The bankruptcy court denied her motion, holding that although the debt was discharged as to Pellie Moody as an individual, it survived as against after-acquired community property because her husband had been denied a discharge of the same debt. Pellie Moody appealed this judg *666 ment to the United States District Court for the Eastern District of Louisiana, which affirmed. She now seeks relief from this Court.
II.
“ ‘We review a district court’s affirmance of a bankruptcy court decision by applying the same standard of review to the bankruptcy court decision that the district court applied.’ ”[1] Thus, we review for clear error the bankruptcy court’s findings of fact, and we review de novo its conclusions of law.[2]
III.
Two interrelated provisions of the Bankruptcy Code address the situation before us today, where two spouses filed individually for bankruptcy but only one received a discharge of a particular obligation. In general, where a debtor spouse receives a discharge of the other spouse’s debt, her discharge bars creditors from recovering the debt against after-acquired community property. Section 524(a)(3) of the Bankruptcy Code provides:
A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2), [which includes the debtor’s interest in community property], of this title that is acquired after the commencement of the case, on account of any allowable community claim.... [3]
However, § 524(b) provides a crucial exception to this rule. The debtor spouse’s discharge will not bar creditors from proceeding against after-acquired community property where the other spouse was himself denied a discharge of the same debt:
Subsection (a)(3) of this section does not apply if:
(1)(A) the debtor’s spouse is a debtor in a case under this title, or a bankrupt or a debtor in a case under the Bankruptcy Act, commenced within six years of the date of the filing of the petition in the case concerning the debtor; and
(B) the court does not grant the debt- or’s spouse a discharge in such case concerning the debtor’s spouse.... [4]
In other words, to the extent that the debtor’s spouse “has been denied a discharge previously ..., the debts of that spouse will survive against after-acquired community property.”[5]
The bankruptcy court correctly determined that the Muller debt survived against after-acquired community property in light of § 524(b). Within six years of the commencement of his wife’s bankruptcy proceeding, Irving Moody sought and was denied discharge of the Muller debt in his own Chapter 7 proceeding. Thus, while there is no question that Pellie Moody received a discharge of the Muller debt, her discharge does not enjoin Muller from garnishing Irving Moody’s wages.
Pellie Moody argues that we should find the § 524(b) exception inapplicable because her husband could have received a discharge of the Muller debt in a hypothetical Chapter 13 proceeding (despite having been denied a discharge in his actual Chapter 7 proceeding). We reject this *667 argument as contrary to the statute’s unambiguous terms: § 524(b) exempts from § 524(a)(3)’s discharge protections an obligation that was previously held nondis-chargeable as to the debtor’s spouse in a separate proceeding, period.[6] The statute makes no exception for a situation where the spouse was denied a discharge but could have received one had he chosen to file under a different chapter of the Code. Because the terms of the statute are plain and unambiguous, our sole function is to enforce it according to its terms as provided by Congress.[7] We thus decline to adopt Pellie Moody’s countertextual reading of § 524(b).
Pellie Moody also contends that principles of res judicata barred the bankruptcy court from holding that § 524(b) allows the Muller debt to survive against after-acquired community property. We disagree. Moody argues that the bankruptcy court ruled on the same issue now before us when it overruled Muller’s objection to including the Muller debt in her Chapter 13 plan. But this is not so. The bankruptcy court’s earlier ruling confirmed that the Muller debt could be included in Pellie Moody’s reorganization plan and discharged with respect to Pellie Moody. The question before us today is not whether Pellie Moody received a discharge of the Muller debt. Rather, our question is the legal effect of her discharge. That issue is squarely controlled by § 524 of the Code, which “spells out ... what it means for a debt to be discharged.” [8]
Pellie Moody’s reliance on the Supreme Court’s decision in United Student Aid Funds, Inc. v. Espinosa,[9] to support her res judicata argument is misplaced. That case dealt with an entirely different issue than the one before us. There, the bankruptcy court discharged a student loan, which are nondischargeable under Chapter 18 without an adversary proceeding and a finding of “undue hardship” on the debt- or.[10] After the discharge, the student-loan creditor commenced efforts to collect on the debt, and Espinosa moved to enforce the discharge order.[11] The creditor, in turn, filed a motion under Federal Rule of Civil Procedure 60(b)(4), seeking to set aside the discharge as void. The Supreme Court held that the judgment discharging the student-loan debt was erroneous but not “void,”[12] so it could not be set aside under Rule 60(b)(4). Here, by contrast, the bankruptcy court did not hold that the prior order discharging the Muller debt as to Pellie Moody was void. Rather, it held that, despite Pellie Moody’s individual discharge, under § 524(b), the Muller debt survived as against after-acquired community property. Thus, the bankruptcy court’s holding below was not barred by res judicata.
For the reasons stated herein, we AFFIRM the judgment of the bankruptcy court.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. In re Burnett, 635 F.3d 169, 171 (5th Cir.2011) (quoting Barner v. Saxon Mortg. Servs., Inc. (In re Barner), 597 F.3d 651, 653 (5th Cir.2010) (per curiam)).

. Id.

. 11 U.S.C. § 524(a)(3).

. 11 U.S.C. § 524(b)(l)(A)-(B).

. Collier on Bankruptcy ¶ 524.02[3][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).

. 11 U.S.C. § 524(b)(1). This is provided, of course, that the spouse’s separate proceeding “commenced within six years” of the debtor’s proceeding.

. See Cotroneo v. Shaw Env't & Infrastructure, Inc., 639 F.3d 186, 194 (5th Cir.2011) ("When the language of a statute is unambiguous we must follow its plain meaning.” (citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir.1998)).

. Collier on Bankruptcy, supra n. 5, ¶ 524.01.

. -U.S.-, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).

. Espinosa, 130 S.Ct. at 1376.

. Id. at 1374.

. Id. at 1379.