# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40997
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2017

Lyle W. Cayce
Clerk

In the matter of:  CHRISTINE CALDWELL-BLOW,

Debtor

CHRISTINE CALDWELL-BLOW,

Appellant

v.

WELLS FARGO BANK, N.A.,

Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CV-714

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Debtor-Appellant Christine Caldwell-Blow appeals the district court's order affirming the bankruptcy court's judgment that declared that Mortgagee-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40997

Appellee Wells Fargo Bank, N.A.'s claim was secured by a lien on Caldwell-Blow's home. We AFFIRM.

In 2006, Caldwell-Blow executed a promissory note (the "Note") payable to American Brokers Conduit and, along with her husband, executed a deed of trust (the "Deed") for the purchase of property located in Dallas, Texas (the "Property"). Both the Note and the Deed contained an acceleration clause. At all relevant times, the loan was serviced by Wells Fargo.

In 2007, Caldwell-Blow defaulted on the Note. Wells Fargo notified Caldwell-Blow of her default on August 2, 2007, and accelerated the Note on November 2, 2007. Wells Fargo accelerated the loan twice more on May 29, 2008, and December 15, 2008. Following the December 2008 acceleration, Caldwell-Blow initiated suit in state court and obtained a temporary restraining order ("TRO"). During this time, Caldwell-Blow repeatedly contacted Wells Fargo to modify her loan. The parties eventually entered into a Rule 11 agreement under which Wells Fargo agreed to extend the TRO and Caldwell-Blow agreed to deposit monthly payments into the state court registry. Caldwell-Blow made at least five payments in accordance with the agreement.

On October 8, 2009, Wells Fargo sent a Notice of Rescission of Acceleration of Loan Maturity ("Rescission Letter") which stated the following:

> [Wells Fargo] under the Deed of Trust referenced below hereby rescinds the notice of acceleration dated 05/29/08 and all prior notices of acceleration. [Wells Fargo] further agrees that [Caldwell-Blow] may continue to pay the indebtedness due [Wells Fargo] pursuant to the terms of the debt secured by the Deed of Trust. This Rescission of Acceleration does not waive or suspend the rights, interest, or claims of [Wells Fargo], its successor or assigns, to accelerate and collect in the future the debt owed by [Caldwell Blow].

2

No. 16-40997

Caldwell-Blow did not pay the arrearage or resume making monthly payments under the terms of the Note, but continued negotiating with Wells Fargo to get a loan modification throughout 2009, 2010, and 2011. Her lack of payments led Wells Fargo in April of 2012[1] to assert a counterclaim in the state court proceeding seeking payment under the Note, an order for judicial foreclosure and, alternatively, an order for non-judicial foreclosure. Wells Fargo subsequently sent notices to Caldwell-Blow accelerating the Note in June and August 2012. These actions culminated with Wells Fargo filing a summary judgment motion that was granted by the state court.

Before the state court could sign the final order, however, Caldwell-Blow filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Wells Fargo filed a proof of claim in Caldwell-Blow's bankruptcy in October 2013, which prompted Caldwell-Blow to object and file a complaint initiating an adversary proceeding. In her complaint, Caldwell-Blow alleged, among other things, that enforcement of the Deed lien, based on the December 2008 notice of acceleration, was barred by the statute of limitations contained in Texas Civil Procedure & Remedies Code § 16.035(a). Wells Fargo eventually foreclosed its lien secured by the Property in December 2014.

With the exception of Caldwell-Blow's section 16.035(a) claim, the bankruptcy court granted summary judgment for Wells Fargo on all claims. The bankruptcy court held a bench trial on Caldwell-Blow's section 16.035(a) claim. In its subsequent ruling, the bankruptcy court found that Wells Fargo's Rescission Letter, as well as the parties' conduct, evidenced abandonment of

---

[1] Caldwell-Blow's argument rests on the premise that the Rescission Letter was ineffective as to the December 2008 notice of acceleration. However, she fails to address the fact that Wells Fargo did file an action within four years of the December 2008 date, so if that date is the trigger date, Wells Fargo's state court counterclaim was timely. For its part, Wells Fargo addresses this point only in a footnote. Because the parties do not brief this issue, we do not address it.

3

the prior accelerations.  Accordingly, the bankruptcy court held both that section 16.035(a) did not bar enforcement of the Deed and that Wells Fargo's claim was secured by a lien on the property.  The bankruptcy court also held that Wells Fargo was not barred "under the new [section] 16.038" of the Texas Civil Procedure & Remedies Code.  Caldwell-Blow appealed the bankruptcy court's judgment to the district court, which subsequently affirmed that judgment.  Caldwell-Blow then appealed to this court.

"We review a district court's affirmance of a bankruptcy court decision by applying the same standard of review to the bankruptcy decision that the district court applied."  *In re IFS Fin. Corp.*, 669 F.3d 255, 260 (5th Cir. 2012) (quoting *Barner v. Saxon Mortg. Servs., Inc.* (*In re Barner*), 597 F.3d 651, 653 (5th Cir. 2010)).  We therefore review factual findings by the bankruptcy court for clear error and legal conclusions de novo.  *Id.*  "When the district court has affirmed the bankruptcy court's findings, [the clear error] standard is strictly applied, and reversal is appropriate only when there is a firm conviction that error has been committed."  *Id.* at 260–61 (quoting *Perkins Cole v. Sadkin* (*In re Sadkin*), 36 F.3d 473, 475 (5th Cir. 1994)).

On appeal, Caldwell-Blow argues that the bankruptcy court erred by: (1) holding that section 16.035(a) did not bar the foreclosure; (2) holding that section 16.038 was applicable to her case; and (3) finding that the conduct of the parties established an abandonment of the acceleration of the Note. Because we conclude that the district court correctly determined the first issue, we need not reach the other two issues.

Caldwell-Blow argues that the district court erred when it determined that the Rescission Letter abandoned all prior notices of acceleration. Under Texas Civil Practice and Remedies Code § 16.035(a), a lender "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues."  When a note or deed of trust secured by real

No. 16-40997

property has an acceleration clause, the cause of action accrues when the holder of the note or deed exercises its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). But a lender can abandon that acceleration, and that abandonment "'has the effect of restoring the contract to its original condition,' thereby 'restoring the note's original maturity date' for purposes of accrual." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (quoting *Kahn v. GBAK Props. Inc.*, 371 S.W. 3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

Caldwell-Blow's appeal thus turns on whether Wells Fargo properly abandoned the notices of acceleration prior to the Rescission Letter, as the state court counterclaim and bankruptcy proof of claim were filed outside of the statute of limitations if the November 2007 acceleration was not abandoned. A lender abandons its earlier acceleration when it requests payment on less than the full amount of the loan. *Boren*, 807 F.3d at 106. Here, the Rescission Letter explicitly abandoned the November 2007 and May 2008 notices of acceleration, and stated that Caldwell-Blow "may continue to pay the indebtedness . . . pursuant to the terms of the debt secured by the Deed of Trust." Thus, Wells Fargo requested payment on less than the full amount of the loan by allowing Caldwell-Blow to pay according to the terms of the Note. At the very least, the district court did not commit clear error in determining this note abandoned all prior notices of acceleration. It thus follows that Wells Fargo's April 2012 state court counterclaim, June and August 2012 foreclosure notices, and October 2013 bankruptcy proof of claim were not barred by section 16.035(a) given Wells Fargo's abandonment of its earlier notices of acceleration.

Caldwell-Blow offers two additional arguments on this issue, both of which are unavailing. Caldwell-Blow first argues that she made no payments on the Note following Wells Fargo's acceleration, and this lack of payments

5

undermines a finding of abandonment.  But while payments by mortgagor and acceptance by mortgagee following a notice of acceleration may be sufficient to demonstrate abandonment, these actions are not a necessary requirement of abandonment.  *See Boren*, 807 F.3d at 106; *see also Meachum v. Bank of New York Mellon Tr. Co., N.A.*, 636 F. App'x 210, 213 (5th Cir. 2016) (finding abandonment with no discussion of payments by mortgagor to mortgagee while note was accelerated).  Caldwell-Blow also attempts to distinguish *Boren* and *Leonard v. Ocwen Loan Servicing*, 616 F. App'x 677 (5th Cir. 2015), before "respectfully request[ing that] this [c]ourt re-examine the authorities relied upon" in those cases.  This argument amounts to nothing less than a request to overturn our decision in *Boren*.  Under our rule of orderliness, "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court."  *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (citing *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)).  Caldwell-Blow points to no intervening change in law or decision by the Supreme Court or our en banc court.  We therefore cannot entertain her request to review *Leonard, Boren,* and their progeny.

We conclude that the district court did not err in finding the earlier notices of acceleration abandoned such that Wells Fargo's state court counterclaim (and later bankruptcy court proof of claim) was timely.  Accordingly, we AFFIRM.