PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1440
_____

DEAN REA,
                    Appellant
v.

FEDERATED INVESTORS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-09-cv-01205)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2010

Before: SLOVITER, GREENAWAY, JR., and
STAPLETON, Circuit Judges.

(Filed: December 15, 2010)
_____

Joseph H. Chivers, III
100 First Avenue
Suite 1010
Pittsburgh, PA  l5222
        *Attorney for Appellant*

Christian C. Antkowiak
Gregory A. Miller
Buchanan Ingersoll & Rooney
One Oxford Centre
301 Grant Street, 20 Fl.
Pittsburgh, PA  15219
        *Attorneys for Appellee*

Tara A. Twomey
National Assoc. of Consumer
Bankruptcy Attorneys
1501 The Almeda
San Jose, CA 95126
    *Attorney for Amicus Appellant*
    _____

OPINION OF THE COURT
_____


SLOVITER, *Circuit Judge*.

Appellant Dean Rea filed a complaint in the United States District Court of the Western District of Pennsylvania alleging that Federated Investors violated 11 U.S.C. § 525(b) when it refused to hire Rea because he had previously declared bankruptcy. The District Court granted Federated's motion under Rule 12(b)(6), Fed. R. Civ. P., to dismiss for failure to state a claim, holding, in accordance with the majority of other courts to have addressed the issue, that § 525(b) does not create a cause of action against private employers who engage in discriminatory hiring. We will affirm.

I.

The facts are not in dispute. Rea filed for bankruptcy in 2002 and his debts were discharged in 2003. In 2009, Rea applied for employment with Federated through the placement firm Infinity Tech Services. Although it appeared after Federated interviewed him that Rea would be hired by Federated, Infinity later informed Rea that Federated had refused to hire him because of his bankruptcy.

Section 525 of the Bankruptcy Code, which prohibits discrimination against an individual solely because he or she is or has been a debtor or bankrupt, provides:

> (a) . . . [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a

2

grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

(b) No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt--

> (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;

> (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or

> (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

Federated moved to dismiss Rea's action, arguing that § 525(b) does not prohibit a private employer from refusing to hire an individual because that individual has claimed bankruptcy. Rea asserted that the Court was required to read § 525(b) broadly to effect its remedial purpose, and that under that expansive reading, § 525(b) does include such a proscription.

3

Noting that there was a lack of binding precedent to inform its determination, the District Court employed basic principles of statutory construction to reach its conclusion. As the Supreme Court stated in *Russello v. United States*, 464 U.S. 16, 23 (1983), "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." (internal quotations and brackets omitted).

Applying this precept, the District Court found no merit in "[Rea]'s suggestion that the phrase 'discriminate with respect to employment' found in both subsections 525(a) and (b) be read to encompass the phrase 'deny employment to,' found only in subsection 525(a)." *Rea v. Federated Investors*, 431 B.R. 18, 23 (W.D. Pa. 2010). It thus "decline[d] to impose the prohibition set forth in [§] 525(a) upon [§] 525(b), because Congress clearly opted to exclude it." *Id.* The Court agreed with Federated that "[Rea] lack[ed] a statutorily cognizable cause of action under 11 U.S.C. § 525(b) against [Federated], a private employer, for denying [Rea] employment when [Rea] readily admits to having filed for bankruptcy and was declared to have been bankrupt." *Id.* It granted Federated's motion to dismiss accordingly. Rea appeals.[1]

## II.

Rea contends that the District Court erred as a matter of law. We conduct a plenary review of the District Court's order granting a motion to dismiss for failure to state a claim. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009). We accept all factual allegations as true, construe the Complaint in the light most favorable to Rea, and determine whether, under any reasonable reading of the Complaint, Rea may be entitled to relief. *See id.*

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

Relying on *Leary v. Warnaco, Inc.*, 251 B.R. 656, 658 (S.D.N.Y. 2000), Rea asserts that the plain meaning of the prohibition in § 525(b) against "discrimination with respect to employment" is broad enough to encompass discrimination in the denial of employment. In *Leary*, the District Court was not persuaded by the argument that Congress purposefully omitted from § 525(b) the phrase "deny employment to," which is contained in § 525(a), instead attributing the difference to a "scrivener [who] was more verbose in writing § 525(a)." *Id.* In reasoning that "[t]he evil being legislated against is no different when an employer fires a debtor simply for seeking refuge in bankruptcy, as contrasted with refusing to hire a person who does so," the Court concluded that the plain meaning of "discrimination with respect to employment" in § 525(b) and the "fresh start" policy underlying the provision supported the construction that Rea now urges us to adopt. *Id.*

We find Rea's reliance on *Leary* unavailing. *Leary* appears to be the only court to conclude that § 525(b) prohibits private employers from engaging in discriminatory hiring, contrary to overwhelming authority otherwise. *See, e.g.*, *Burnett v. Stewart Title, Inc.*, 431 B.R. 894 (S.D. Tex. 2010); *Myers v. TooJay's Mgmt. Corp.*, 419 B.R. 51 (M.D. Fla. 2009); *In re Stinson*, 285 B.R. 239 (Bankr. W.D. Va. 2002); *Fiorani v. Caci*, 192 B.R. 401 (E.D. Va. 1996); *Pastore v. Medford Sav. Bank*, 186 B.R. 553 (D. Mass. 1995); *In re Madison Madison Int'l of Ill.*, 77 B.R. 678 (Bankr. E.D. Wis. 1987); *see also In re Hopkins*, 81 B.R. 491 (Bankr. W.D. Ark. 1987) (§ 525(b) proscribes discriminatory conduct after offer of full-time employment extended to a part-time employee). The decision has been widely criticized because it elevates the assumption that a scrivener erred over the plain meaning of the statute. *See, e.g.*, *Burnett*, 431 B.R. at 900-01.

Where the language of the statute is plain, "the sole function of the courts is to enforce it according to its terms." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 99 (1991) (internal quotations omitted). Although § 525(b) was enacted years after § 525(a), its language regarding employment discrimination is nearly identical to that used in § 525(a) and Congress chose to place the two subsections adjacent to each other in the Bankruptcy Code. It is abundantly clear that

5

Congress modeled § 525(b) off of § 525(a) and that any differences between the two are a result of Congress acting intentionally and purposefully. As the Supreme Court stated in *Russello*, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusive or exclusion." 464 U.S. at 23 (internal quotations and brackets omitted).

Section 525(a) provides that the Government may not "*deny employment to*, terminate the employment of, or discriminate with respect to employment against" any person that has been bankrupt. (emphasis added). In § 525(b), on the other hand, Congress omitted the language prohibiting a private employer from "deny[ing] employment to" a person that has been bankrupt. As the Supreme Court stated in *Russello*, "[w]e refrain from concluding here that the differing language in the two subsections has the same meaning in each. We would not presume to ascribe this difference to a simple mistake in draftsmanship." 464 U.S. at 23.

We will not contravene congressional intent by implying statutory language that Congress omitted. *In re Lord Abbett Mut. Funds Fee Litig.*, 553 F.3d 248, 254 (3d Cir. 2009) ("The role of the courts in interpreting a statute is to give effect to Congress's intent.") (internal quotations omitted). Nor will we interpret statutory language in a way that would render any part thereof superfluous. *United States v. Cooper*, 396 F.3d 308, 312 (3d Cir. 2005). The District Court properly declined Rea's request to read the phrase "discrimination with respect to employment" in § 525(b) as broad enough to encompass discrimination in the denial of employment. Congress did not so provide. Neither will we.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.