# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2011

No. 10-20250

Lyle W. Cayce
Clerk

In the Matter of: SHANI BURNETT, Debtor

SHANI BURNETT,

Appellant,

v.

STEWART TITLE, INC.,

Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before KING, DeMOSS, and PRADO, Circuit Judges.

KING, Circuit Judge:

Appellant Shani Burnett filed a complaint against Appellee Stewart Title, Inc., alleging that Stewart violated 11 U.S.C. § 525(b) when it refused to hire Burnett on the basis of her earlier bankruptcy filing. The bankruptcy court granted Stewart's motion to dismiss for failure to state a claim, holding that § 525(b) does not create a cause of action against private employers who discriminate in hiring on the basis of an applicant's bankruptcy status. The district court affirmed, and so do we.

No. 10-20250

## BACKGROUND

The facts of this case are straightforward.  In September 2006, Shani Burnett filed a voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et seq.*  In July 2007, Burnett interviewed for prospective employment with Stewart Title, Inc. ("Stewart"), which made her an offer of employment contingent upon the results of a drug screening and background check.  During the background check, Stewart discovered Burnett's bankruptcy and rescinded its offer on that basis.

Burnett filed suit against Stewart under 11 U.S.C. § 525(b), asserting that Stewart unlawfully discriminated against her due to her bankruptcy status.  Stewart filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  The bankruptcy court decided that 11 U.S.C. § 525(b) does not prohibit private employers from engaging in discriminatory hiring on the basis of an applicant's bankruptcy status, and granted Stewart's motion to dismiss.  The district court affirmed, and this appeal followed.

## STANDARD OF REVIEW

"We review a district court's affirmance of a bankruptcy court decision by applying the same standard of review to the bankruptcy court decision that the district court applied."  *Barner v. Saxon Mortg. Servs., Inc. (In re Barner)*, 597 F.3d 651, 653 (5th Cir. 2010) (per curiam) (citation and internal quotation marks omitted).  We therefore review findings of fact for clear error, and conclusions of law de novo.  *Id.*

## ANALYSIS

The single issue on appeal is whether a claim for discrimination is legally cognizable against a private employer that denies employment to an applicant solely on the basis of that person's status as a debtor in a bankruptcy proceeding. The governing statute is 11 U.S.C. § 525, which provides two standards: one for

No. 10-20250

government employers in § 525(a) and one for private employers in § 525(b). Subsection (a) provides:

> (a) . . . [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(a) (emphases added).

Subsection (b) has language that is somewhat different from subsection (a):

> (b) No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—
>
> (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
>
> (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or
>
> (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankrupty Act.

Id. § 525(b) (emphasis added).

Burnett and amicus curiae contend that the act of denying employment to a person is to "discriminate with respect to employment against" that person, such that it is barred by the plain language of § 525(b). If § 525(b) were

considered in isolation, Burnett's position may have merit.  However, when interpreting the meaning of a phrase in a statute, the statute must be read as a whole because " 'Act[s] of Congress . . . should not be read as a series of unrelated and isolated provisions.' " *Soliman v. Gonzales*, 419 F.3d 276, 282 (5th Cir. 2005) (quoting *Gustafson v. Alloyd Corp.*, 513 U.S. 561, 570 (1995)).  In keeping with this rule, two basic canons of statutory construction guide our decision here.

First, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (citation and internal quotation marks omitted).  Here, § 525(a) specifically states that a governmental unit may not "<u>deny employment to</u>, terminate the employment of, or discriminate with respect to employment against" a person on the basis of his or her bankruptcy status.  11 U.S.C. § 525(a) (emphasis added).  Subsection (b), however, omits the prohibition against denying employment, stating only that a private employer may not "terminate the employment of, or discriminate with respect to employment against" such persons.  11 U.S.C. § 525(b).  Applying the *Russello* presumption, Congress's exclusion of the words "deny employment to" in subsection (b) was intentional and purposeful.

Second, when interpreting a statute, "it is a 'cardinal rule that a statute is to be read as a whole,' in order not to render portions of it inconsistent or devoid of meaning." *Zayler v. Dep't of Agric. (In re Supreme Beef Processors, Inc.)*, 468 F.3d 248, 253 (5th Cir. 2006) (quoting *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 n.7 (2003)); *see also United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 509–10 (5th Cir. 2008) ("We are to read a statute as a whole, so as to give effect to each of its provisions without rendering any language superfluous." (citation and internal

quotation marks omitted)).  To interpret the phrase "discriminate with respect to employment" to include the act of hiring would violate this canon by rendering superfluous the phrase "deny employment to" in § 525(a).  Furthermore, if "discriminate with respect to employment" encompasses all employment-related actions, it would also render superfluous the phrase "terminate the employment of" in both § 525(a) and (b).

Applying these two canons of statutory construction to § 525(b), we conclude that Congress did not prohibit private employers from denying employment to persons based on their bankruptcy status.  Our decision is in accord with the recent decision of our sister circuit in *Rea v. Federated Investors*, 627 F.3d 937 (3d. Cir. 2010), in which the Third Circuit held that "§ 525(b) does not create a cause of action against private employers who engage in discriminatory hiring."  *Id*. at 938.  We therefore reject the solitary view advanced in *Leary v. Warnaco, Inc*., 251 B.R. 656 (S.D.N.Y. 2000), that Congress's omission of a specific reference to hiring in § 525(b), after expressly including it in § 525(a), was "simply because the scrivener was more verbose in writing § 525(a)," *id*. at 658.  *See Russello*, 464 U.S. at 23 ("We refrain from concluding here that the differing language in the two subsections has the same meaning in each.  We would not presume to ascribe this difference to a simple mistake in draftsmanship.").  The view in *Leary* is contrary to overwhelming authority otherwise, and Burnett's reliance on it is misplaced.  *See Rea*, 627 F.3d at 940 (collecting cases).

Nor are Burnett's other arguments convincing.  Although § 525(b) was enacted six years after § 525(a), its language regarding employment discrimination is nearly identical to that used in § 525(a), implying that Congress modeled subsection (b) on subsection (a).  Furthermore, Congress chose to place the two subsections directly adjacent to each other in the Bankruptcy Code, an unsurprising choice given that both subsections deal with the same

No. 10-20250

subject: discrimination against debtors on the basis of their bankruptcy status. Finally, Congress is "presumed to have knowledge of its previous legislation when making new laws." *United States v. Zavala–Sustaita*, 214 F.3d 601, 606 n.8 (5th Cir. 2000) (citation and internal quotation marks omitted). Had Congress wished to bar private employers from discriminating against debtors in their hiring decisions, it could have done so by adding the phrase "deny employment" to subsection (b) when it amended § 525 in 1994 and again in 2005. *See* Bankruptcy Reform Act of 1994, secs. 313, 501(d)(15), § 525(a), (c), Pub. L. No. 103–394, 108 Stat. 4106, 4140–41, 4146 (1994); Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, sec. 1211, § 525(c), Pub. L. No. 109–8, 119 Stat. 23, 194 (2005).

Burnett and amicus curiae also argue that application of the *Russello* presumption to this statute would "create an incoherent and inconsistent statutory scheme that would produce an untenable distinction between federal and private employers that would lead to the unreasonable result of allowing private employers to discriminate in an area that public employers could not." This is a policy argument best made to Congress, which intentionally and purposefully drew a line prohibiting governmental units, but not private employers, from denying employment to persons based on their status as debtors in bankruptcy proceedings.

## CONCLUSION

The bankruptcy court and district court below properly held that 11 U.S.C. § 525(b) does not prohibit private employers from denying employment to applicants based on their bankruptcy status. We therefore AFFIRM the judgment of the district court.