NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1863
_____

WILLIAM HARBISON,
individually and on behalf of all others similarly situated,
Appellant

v.

LOUISIANA-PACIFIC CORPORATION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-13-cv-00814)
(District Judge: Arthur J. Schwab)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2015

Before: FISHER, JORDAN and GREENAWAY, Jr., *Circuit Judges*.

(Filed: February 18, 2015)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

William Harbison installed TrimBoard, a non-structural trim lumber, on his house in 2003. The TrimBoard came with a ten-year warranty in which the manufacturer, Louisiana-Pacific Corp., agreed to compensate the owner for repair and replacement up to twice the original purchase price of the affected trim. In 2010, the TrimBoard failed. Harbison sued Louisiana-Pacific, claiming that Louisiana-Pacific breached the warranty and that the damages limitation was unconscionable. The District Court dismissed Harbison's unconscionability claim, denied him leave to amend his complaint, and granted summary judgment to Louisiana-Pacific on the breach of warranty claim. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In 2003, Harbison hired contractors and subcontractors to install trim on his garage. His contractor purchased TrimBoard, made by Louisiana-Pacific. The TrimBoard came with the following warranty:

> Should the product fail within ten years of the date of installation, [the manufacturer] after investigation and verification, will replace the defective trim on the following basis: [the manufacturer] will compensate the owner for repair and replacement of the affected

2

> trim no more than twice the original purchase price of the affected trim if failure occurs within ten years.[1]

In 2010, Harbison discovered that the TrimBoard had begun to rot, leading to water damage to the TrimBoard and possibly other parts of his home.

Harbison made a claim to Louisiana-Pacific under the warranty. In 2011, an inspector for Louisiana-Pacific inspected the TrimBoard. Louisiana-Pacific offered Harbison $2,780.08. Louisiana-Pacific calculated this offer by measuring the amount of TrimBoard affected, increasing that amount by twenty percent to account for material wasted during the installation, then applying the original purchase price and sales tax, for a total price of $1,390.04 for the TrimBoard installed. Louisiana-Pacific then doubled this amount to reach its offer under the warranty. Harbison declined the offer.

In June 2013, Harbison filed a purported class-action complaint against Louisiana-Pacific. In December 2013, he filed an amended purported class-action complaint for breach of warranty and declaratory judgment. Harbison claimed that the damages limitation in the ten-year warranty was unconscionable and should be stricken and that once the limitation was stricken, Louisiana-Pacific breached the express warranty.

Louisiana-Pacific moved to dismiss the amended complaint. The District Court granted the motion in part and denied it in part. The District Court found that Harbison could claim the benefit of the express warranty under the Pennsylvania Commercial Code but that Harbison could not claim that the damages limitation was unconscionable.

---

[1] J.A. 115.

3

Accordingly, the District Court denied Harbison's claims to the extent he requested the court strike the allegedly unconscionable damages limitation from the warranty. Harbison moved for leave to file a second amended complaint to reiterate his claim that the damages limitation was unconscionable. The District Court denied the motion because the amendments would be futile. Louisiana-Pacific then moved for summary judgment on the basis that it had complied with the express warranty and its damages limitation. The District Court granted Louisiana-Pacific's motion and terminated the case. Harbison filed a timely appeal.

## II.

The District Court had jurisdiction over this action under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's orders on the motion to dismiss and on the motion for summary judgment.[2] We may affirm on any basis supported by the record.[3] We review a denial of a motion for leave to amend for abuse of discretion.[4]

## III.

### A.

We begin with the District Court's decision to dismiss Harbison's unconscionability claim. A complaint states a claim upon which relief can be granted,

---

[2] *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014); *Rea v. Federated Investors*, 627 F.3d 937, 940 (3d Cir. 2010).
[3] *Blunt*, 767 F.3d at 265.
[4] *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 160 (3d Cir. 1998).

4

and survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when it contains a short, plain statement of facts that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.[5]

Under Pennsylvania law, a court may decline to enforce a contract clause "[i]f the court as a matter of law finds" that the clause was "unconscionable at the time it was made."[6] To prove a contract clause was unconscionable, a plaintiff must show that the clause was both procedurally and substantively unconscionable.[7] "In examining these two prongs, the Pennsylvania Supreme Court has indicated that it might be appropriate to use a 'sliding-scale approach' so that 'where the procedural unconscionability is very high, a lesser degree of substantive unconscionability may be required' and presumably, vice-versa."[8]

Procedural unconscionability exists "where there was a lack of meaningful choice in the acceptance of the challenged provision."[9] Contracts of adhesion, such as the warranty included with the TrimBoard here, are generally considered to satisfy the

---

[5] *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

[6] 13 Pa. Cons. Stat. § 2302(a). Contractual limitations on damages—such as the one at issue here—are permissible under Pennsylvania law, but they must not be unconscionable. *Id.* § 2719 & cmt. 1.

[7] *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 230 (3d Cir. 2012) (applying Pennsylvania law).

[8] *Id.* (quoting *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 125 n.12 (Pa. 2007)).

[9] *Salley*, 925 A.2d at 119.

procedural unconscionability requirement.[10] However, the degree of procedural

unconscionability is low because the warranty was provided to Harbison with the

TrimBoard, and the warranty at issue is featured in the first paragraph and not in fine

print.[11]

Substantive unconscionability, on the other hand, involves "contractual terms that

are unreasonably or grossly favorable to one side and to which the disfavored party does

not assent."[12] Louisiana-Pacific chose to offer a ten-year warranty to consumers. It did

not have to offer this benefit. The damages limitation contained in the warranty was the

condition on which it was willing to extend the benefit of the warranty.

If Louisiana-Pacific had not offered the ten-year warranty, it does not appear that

Harbison would have any remedy under the contract for the failure of the TrimBoard

seven years after it was installed.[13] But because the company did offer the ten-year

warranty as written, Harbison has the opportunity to recover twice the value of the

TrimBoard that was affected. So the warranty included with the TrimBoard is actually

somewhat favorable to Harbison because, even if it does not provide him with all the

---

[10] *McNulty v. H&R Block, Inc.*, 843 A.2d 1267, 1273 & n.6 (Pa. 2004).

[11] J.A. 96; J.A. 115.

[12] *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999).

[13] Harbison would not be able to claim the benefit of the implied warranties of merchantability and fitness for a particular purpose because the four-year statute of limitations for breach of warranty under the Pennsylvania Commercial Code began to run on the date of tender. 13 Pa. Cons. Stat. § 2725; *see also Rufo v. Bastian-Blessing Co.*, 207 A.2d 823, 825-26 (Pa. 1965) (the statute of limitations for breaches of the implied warranties began to run on the date of tender of the goods even though the defect was not discovered until one year after tender).

relief he wants, it provides him with more relief than nothing. Therefore, because the warranty was prominently featured within the contract and because the warranty as a whole provides Harbison with a benefit he would not otherwise have, the damages limitation was not unconscionable.

Harbison relies on two cases to argue that we should strike the damages limitation in the warranty as unconscionable while keeping the ten-year warranty itself, but these cases are distinguishable. In *Antz v. GAF Materials Corp.*, the Pennsylvania Superior Court struck a damages limitation as unconscionable from an express thirty-year warranty for house shingles where the warranty was not provided to the homeowner and the damages limitation barred recovering labor costs of repair for defective shingles.[14] And in *Moscatiello v. Pittsburgh Contractors Equipment Co.*, the Superior Court struck a damages limitation as unconscionable from a contract for the sale of a paving machine where the limitation was printed in "fine print on the reverse side of the contract," unseen by the buyer, and the limitation barred recovering consequential damages for a breach of the contract and warranties.[15]

Although the Superior Court found both damages limitations unconscionable, both cases concerned significant levels of procedural unconscionability. In *Moscatiello*, the limitation was hidden in fine print, and in *Antz*, the warranty was not even given to the homeowner, so he had no way of knowing it existed. Thus, the fact that the damages

---

[14] 719 A.2d 758, 761-63 (Pa. Super. Ct. 1998).
[15] 595 A.2d 1190, 1195-97 (Pa. Super. Ct. 1991).

limitations were hidden from the buyers justified severing the damages limitations from the warranties and declaring them unconscionable. In contrast, here the procedural unconscionability is low. Harbison admits that he was given the warranty, and the damages limitation for the ten-year warranty was prominently placed in the first paragraph of the one-page warranty sheet. Therefore, this particular damages limitation was not unconscionable.

Finally, Harbison says that under 13 Pa. Cons. Stat. § 2302(b), he should have been afforded an opportunity to provide evidence in support of his claim of unconscionability. However, that provision only requires a "reasonable opportunity" to present evidence "to aid the court."[16] Here, the District Court assumed Harbison's allegations about the sale and the warranty to be true. And based on those allegations, the District Court concluded that the provision was not unconscionable. This satisfies the requirements of § 2302(b), and no further evidence is needed.

For these reasons, the District Court's decision to dismiss Harbison's unconscionability claim will be affirmed.

B.

Having determined that the damages limitation was not unconscionable, we find that the District Court did not abuse its discretion in denying Harbison leave to amend his complaint. The amendments would have been futile.

---

[16] 13 Pa. Cons. Stat. § 2302(b).

Moreover, because the limitation was not unconscionable, the District Court properly granted summary judgment to Louisiana-Pacific on the remaining claims. There was no genuine dispute that Louisiana-Pacific accurately measured the TrimBoard used on Harbison's garage and accurately calculated its value. Additionally, there was no genuine dispute that twice that value, which Louisiana-Pacific offered, was Louisiana-Pacific's maximum liability under the warranty, including the damages limitation. So there was no genuine dispute as to a material fact, and Louisiana-Pacific was entitled to judgment as a matter of law.[17]

## IV.

For the reasons set forth above, we will affirm the District Court's judgment.

---

[17] *See* Fed. R. Civ. P. 56(a).

9